659 F.2d 1330
 1981-2 Trade Cases 64,338
 In re CORRUGATED CONTAINER GRAND JURY and Corrugated
Container Anti-trust Criminal and Civil Litigation.
ADAMS EXTRACT COMPANY, et al., Appellees,
v.
ALTON BOX BOARD COMPANY, et al., Defendants-Appellants,
Kenneth Adler, et al., Intervenors-Appellants,
James A. Braud, et al., Defendants-Intervenors-Appellants.
In re CORRUGATED CONTAINER ANTITRUST LITIGATION.
ADAMS EXTRACT CO., et al., Plaintiffs-Appellees,
CFS Continental, Inc., et al., Townhouse Furniture, et al.,
Rossville Packing Co., et al., Denver Meat Co., et al.,
Carron Manufacturing Co., Andre-Boudin Bakeries, Inc.,
Ilikon Corp., Great Northern Packaging Corp., et al.,
Plaintiffs-Appellants-Appellees,
Pleasure Hours, Inc., et al., London Dry Ltd., et al.,
Plaintiffs-Objectors-Appellants-Appellees,
v.
The CHESAPEAKE CORPORATION OF VIRGINIA, et al., Stone
Container Corp., Defendants-Appellants-Appellees.
In re CORRUGATED CONTAINER ANTITRUST LITIGATION.
ADAMS EXTRACT CO., et al., Plaintiffs-Appellees,
v.
ALTON BOX BOARD COMPANY, et al., Defendants-Appellants,
James A. Braud, et al., Messrs. A, B and C, et al.,
Intervenors-Appellants.
 Nos. 80-1093, 80-1103 and 80-1264.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A*
 Oct. 29, 1981.
 John D. Roady, Houston, Tex., for Alton Box Board Co. et al.
 Harold F. Baker, Howrey & Simon, Alan Wiseman, Washington, D. C., for Mead Corp.
 Mandell & Wright, Stephen D. Susman, Houston, Tex., McGovern, Opperman & Paquin, Minneapolis, Minn., Sachnoff, Schraeger, Jones, Weaver & Rubenstein, Ltd., Lowell E. Sachnoff, Chicago, Ill., for Adams Extract Co. et al.
 Ray V. Hartwell, III, Hunton & Williams, Thomas G. Slater, Jr., Douglas W. Kenyon, Richmond, Va., for Chesapeake Corp. of Va.
 Appeals from the United States District Court for the Southern District of Texas.
 Before CHARLES CLARK, TATE, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 These consolidated appeals challenge orders of the district court requiring the Department of Justice to turn over to the plaintiffs in this civil action transcripts of testimony given before a grand jury. Because we find that the appeals are moot, we vacate the judgment of the district court and dismiss the appeals.
 
 
 2
 The background of this multidistrict class action having been explained in prior opinions,[1] we recite here only those events necessary to the understanding of this appeal. During the years 1975-1977, a federal grand jury was convened in Houston, Texas, to investigate the corrugated container industry. The grand jury heard the testimony of approximately two hundred witnesses. In 1978, the grand jury returned two indictments charging eleven corporate and twenty-six individual defendants with violations of the Sherman Act. Some of these defendants pleaded nolo contendere to the charges, the others went to trial and were acquitted in early 1979. Thereafter, the plaintiffs sought release of the grand jury transcripts to assist them in their discovery. Three of these attempts were unsuccessful. In January 1980, the plaintiffs made their fourth attempt to secure general discovery of the transcripts by means of a subpoena duces tecum served upon the Department of Justice. In a Memorandum Order dated January 25, 1980, the district court granted, in large part, the plaintiffs' request to discover the grand jury transcripts. The district court ordered that certain of the transcripts be produced, and that "These transcripts shall be disclosed only to counsel of record for plaintiffs herein and their clerical personnel, and shall be used only for the prosecution of this litigation. The transcripts and interview statements ordered disclosed may be used in depositions and at trial for the purposes of impeaching witnesses, refreshing their memory, testing their credibility and the like. Use of portions of these transcripts as substantive evidence in the civil trial will be subject to later evidentiary rulings by the Court."
 
 
 3
 The appellants attempted unsuccessfully to get a stay of the district court's order from this court and from the Supreme Court. The Department of Justice released the transcripts to the plaintiffs in February 1980.
 
 
 4
 As it turned out, the only litigation actually conducted by the plaintiffs involved in this request, that is, the members of the class certified by the district court, was the trial against the only defendant who did not settle with the class, the Mead Corporation.
 
 
 5
 The grand jury witnesses who have intervened and appealed raise no arguments in their brief regarding mootness. The settling defendants who have appealed argue that the order of the district court releasing the transcripts will affect the status of yet undisclosed transcripts. The question to be answered to determine whether these appeals are moot, however, is whether the particular transcripts affected directly by the district court's order are susceptible of any further dissemination. "Implementation of mootness principles requires a highly individualistic, and usually intuitive, appraisal of the facts of each case." Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction § 3533. At the time the defendants filed their brief, they represented that further publication of the transcript was still possible. Now, the plaintiffs represent that these transcripts were used at the class trial against Mead Corporation in 1980. The plaintiffs' brief states: "There can be no further dissemination of the transcripts, because the district court restricted access to the transcripts to the attorneys and their office personnel and limited use of the transcripts to the furtherance of plaintiffs' case at trial. The transcripts have now been utilized to the fullest extent allowed by Judge Singleton's order, and any interest of the appellants which may have existed are fully protected by the highly restrictive order of the district court." Indeed, the defendants admit in a subsequent letter-brief that the appeals are moot as to the portions of the transcripts which were made public during the trial. The defendants' main concern is that the order of the district court will affect future determinations about the release of other grand jury transcripts.
 
 
 6
 Because the district court's order was not stayed, and because the appeals are now moot, the defendants have been deprived of appellate review of these particular orders. Correspondingly, the plaintiffs' argument that our denial of a stay either affirmed the district court's decision or impliedly approved that decision on the merits exhibits a fundamental misunderstanding of the effect of a denial of a stay. See Beverly v. United States, 468 F.2d 732, 740 n.13 (5th Cir. 1972).
 
 
 7
 In a subsequent letter regarding the issue of mootness, the plaintiffs argue that they have a continuing interest in retention of the grand jury transcripts but that the defendants do not have an interest in the return of the transcripts. The plaintiffs note that "vacation of the order at issue might compel appellees to return the transcripts ...." The defendants respond that if the plaintiffs have a continuing interest, so do they, and that the appeals cannot be moot. This "continuing interest" controversy is speculative. The plaintiffs claim their interest would arise in the event that the multidistrict action is retried. Such a contingent future interest cannot overcome our jurisdictional concern that there is no live controversy at stake now. The result of returning the transcripts which the plaintiffs perceive as undesirable is precisely the effect this opinion is intended to have. Because there is no further use to which these transcripts may be put under the order of the district court, these appeals are moot.
 
 
 8
 The order appealed from is vacated so that it will spawn no legal consequences. Lebus v. Seafarers' International Union, 398 F.2d 281 (5th Cir. 1968). The appeals are
 
 
 9
 DISMISSED.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452 October 14, 1980
 
 
 [1]
 E. g., In re Corrugated Container Antitrust Litigation, 643 F.2d 195 (5th Cir. 1981); In re Corrugated Container Litigation, 620 F.2d 1086 (5th Cir. 1980)