Ernest WHITE, et al.,
Plaintiffs–Appellees,

v.

CITY OF BELZONI, MISSISSIPPI,
Defendants–Appellants.

No. 87–4913.

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1988.

Douglas J. Smith, Jr., Sylvia Y. Robertshaw, Greenville, Miss., for defendants-appellants.

Margaret Carey, Charles Victor McTeer, Greenville, Miss., for plaintiffs-appellees.

Before THORNBERRY, WILLIAMS and SMITH, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

The City of Belzoni asks in this appeal that we declare invalid a district court order adopting single-member districts for the City's interim aldermanic election. The court-ordered plan in terms governed only the interim election. Further, the City has made it clear that it is not asking that the interim election be invalidated or the incumbent winners of that election be unseated. Under these circumstances we dismiss this appeal as moot.

Black voters of Belzoni, Mississippi brought this vote dilution class action against the City of Belzoni, in January of 1984. The class alleged that at-large election of Belzoni's Board of Aldermen violated the Voting Rights Act of 1965 as amended in 1982, 42 U.S.C. § 1973 et seq., and the United States Constitution. The class sought single-member districts to replace the City's at-large system, and requested an injunction against further elections under the at-large scheme.

The district court enjoined aldermanic elections in March of 1985, at which time the parties agreed to attempt a settlement. A series of informal negotiations and status conferences followed, extending throughout the remainder of the year. By May of 1986, the parties had not managed to agree on a redistricting plan. The district court nevertheless directed the City to submit its redistricting plan to the Justice Department for preclearance review, pursuant to § 5 of the Voting Rights Act, 42 U.S.C. § 1973c. More than one year later, the City completed its § 5 submission. On October 3, 1987 the Attorney General notified the parties that the City's proposal for electing aldermen from single member districts passed preclearance review, but the boundaries proposed in the City's plan did not.

The parties convened for another informal status conference, at which time the City announced its intention to retain the United States Census Bureau to count the entire population of Belzoni. Anticipating the delay which would result from a census followed by another preclearance review, the district judge adopted the class plan as the court's own plan and ordered interim aldermanic elections.[1] The formal order, entered November 9, 1987, stated in part:

> The Court after taking into consideration the amount of time it would take for the Bureau of Census to initiate and complete a new census of the City of Belzoni; the long delay in this action outlined above; and the fact that any findings by the Census Bureau may result in defendants' preparation of a new plan which would require federal preclearance; and most importantly, in view of the fact that no elections have been held in the City of Belzoni since June 1981, the Court believes it is appropriate to order immediate elections under an interim plan adopted by the Court.

Pursuant to the district court's order, interim elections were held in Belzoni in February and March of 1988.[2] Elected aldermen will serve until July of 1989.

The City now requests that we issue something akin to a declaratory judgment to invalidate the interim plan so as to prevent its use by the Justice Department as a "benchmark" for measuring the retrogressive effect of future districting plans. *See Beer v. United States*, 425 U.S. 130, 141, 96 S.Ct. 1357, 1363, 47 L.Ed.2d 629 (1976); *State of Mississippi v. U.S.*, 490 F.Supp. 569, 582 (D.D.C.1979), *aff'd* 444 U.S. 1050, 100 S.Ct. 994, 62 L.Ed.2d 739 (1980).

Our review of the circumstances indicates that the district court's interim plan does not constitute a standard for future submissions. Retrogression of voting rights is measured against the plan or system in effect at the time of a new submission. *See Beer, supra*, 425 U.S. at 141, 96 S.Ct. at 1363–64; *State of Mississippi, supra*, 490 F.Supp. at 582. The plan governing the interim election is not now in effect and will not be a measure of the legality of a new plan.

The court's interim plan, by its own terms, governed only the 1988 aldermanic elections. The interim order states: "the plan herein approved is only for an interim election, and does not preclude the plaintiffs and the City of Belzoni from hereafter submitting redistricting plans to the Attorney General of the United States for preclearance under § 5 of the Voting Rights Act." The interim plan thus is firmly distinguished from the unprecleared settlement plan used as a benchmark in *State of Mississippi v. U.S.*[3] In terms that settlement plan was to remain in effect "until altered according to law." *Connor v. Finch*, 469 F.Supp. 693, 694 (S.D.Miss. 1979). We find no authority for the City's claim that an expired court-ordered plan for interim elections must serve as a benchmark for future plans. Because the court's interim plan is no longer in effect, we dismiss this appeal as moot. *See Thibaut v. Ourso*, 705 F.2d 118 (5th Cir.1983); *In re Corrugated Container Grand Jury*, 659 F.2d 1330 (5th Cir.1981).

APPEAL DISMISSED AS MOOT.

---

1. The City complains that the interim plan was adopted without an evidentiary hearing or trial and asserts that cases such as *Cook v. Luckett*, 735 F.2d 912 (5th Cir.1984), require such a hearing. Our disposition of the appeal makes it unnecessary to address that issue.

2. The City filed unsuccessful motions with this Court, (1) to stay elections pending appeal, and (2) to order an immediate census of Belzoni.

3. Although the Supreme Court affirmed the result in *State of Mississippi*, it is unclear whether the Court approved of using an unprecleared plan as a benchmark. *See State of Mississippi, supra*, 444 U.S. at 1051–52, 100 S.Ct. at 995–96 (J. Stevens, concurring); 444 U.S. at 1054, 100 S.Ct. at 997 (J. Brennan, dissenting).