**Douglas SMITH, Plaintiff–Appellant,**

v.

**UNITED STATES DISTRICT COURT OFFICERS, Defendants–Appellees.**

Nos. 98–1423, 98–1548.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 23, 1999

Decided Feb. 7, 2000

Douglas Smith, U.S. Penitentiary, Terre Haute, IN, pro se.

Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.

POSNER, Chief Judge.

Douglas Smith was convicted in federal court some years ago of a drug crime, and he now seeks copies of audiotapes of all the proceedings in his case, claiming that the transcripts were inaccurate. He styled his claim, filed in the district court where he had been convicted, as a claim for a writ of mandamus; but among other conditions on the exercise of the mandamus jurisdiction, the claimant must show that he had no adequate remedy at law, and Smith cannot show this, because as we held in *Smith v. United States*, 956 F.2d 647 (7th Cir.1992) (another Smith), there is a federal common law right to access to federal judicial records which can be enforced by means of an ordinary suit under 28 U.S.C. § 1331 (the federal-question jurisdiction). But also as in *Smith*, since nothing turns on whether Douglas Smith's suit is described as a suit for mandamus or a suit to enforce a federal common law right, the district judge should have reclassified the suit rather than (as he did) dismissing it.

The public, including the parties to a suit, have a right of access to the records of a judicial proceeding. E.g., *In re Associated Press*, 162 F.3d 503, 506 (7th Cir.1998); *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1102 (9th Cir.1999); *United States v. Smith*, 123 F.3d 140, 155 (3d Cir.1997). The right is not absolute, but none of the exceptions is applicable to this case. The question presented by the present case—a question on which we cannot find any case law—is whether, or more precisely when, audiotapes of a judicial proceeding should be deemed judicial records within the meaning of the access rule. We can get help from the statute that governs the use of court reporters in federal courts. 28 U.S.C. § 753. It requires that proceedings in open court be recorded verbatim, but permits the recording to be done by any reliable method, including taping; and it also requires the reporter to file the "original records" in court. § 753(b). At a minimum, those records are judicial records within the meaning of the access rule. It follows that if an audiotape is the only record made of a proceeding, it must be filed with the court. This understanding is confirmed by regulations issued by the Judicial Conference of the United States, 6 *Guide to Judiciary Policies and Procedures* § 16.4.4 (Court Reporters Manual)

(Jan. 1998), pursuant to a statutory delegation of authority to flesh out the provisions of section 753. See § 753(b). At least one of the audiotapes that Smith wants is the original record of a part of the criminal proceeding against him, namely a pretrial hearing held on April 29, 1993. A transcript was made from the tape, but the transcript is not the original; the tape is. As to that tape and any others that are likewise the original (rather than merely a backup) record of a stage in the proceedings, he has a right of access that the district court unjustifiably denied.

■ Regarding audiotapes that merely back up the court reporter's stenographic record, the regulations we have just cited make these the personal property of the reporter except as to audiotapes of arraignments, changes of plea, and sentencing hearings. 6 *Guide to Judiciary Policies and Procedures, supra*, §§ 16.4.1, 16.4.4. We do not think that these should be deemed judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript. This position is consistent not only with the regulations, and with the statute (which requires only that the reporter's *original* records be filed with the court), but also with the case law, which defines the right of access as a right of access to those records of a proceeding that are filed in court or that, while not filed, are relied upon by a judicial officer in making a ruling or decision. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994); *Smith v. United States*, 956 F.2d 647, 650 (7th Cir.1992); *United States v. Corbitt*, 879 F.2d 224, 237 (7th Cir.1989); *United States v. El–Sayegh*, 131 F.3d 158, 161–62 (D.C.Cir.1997); *United States v. Amodeo*, 44 F.3d 141, 145–46 (2d Cir.1995); cf. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). We think it possible that this dispensation might be stretched to reach records that should have been filed in court, as where a reporter fails to file his original records in court as required by the statute to do, even if the court does not rely on the records in its rulings, though we cannot find any case on this question. All Smith appears to be seeking, however, are audiotapes that were filed in court, and the ground rules for access to them are, as we have just explained, adequately clear.

One loose end remains to be tied up. The complaint did not name any individual as defendant, but rather unnamed officers of the district court. It is conventional in mandamus cases to name the court or other agency against which relief is sought, but we cannot find any case law or other guidance concerning the proper party defendant in a suit to obtain access to judicial records. It would seem sensible to name the court in which the records are being held, which seems to have been Smith's aim in naming "district court officers" as the defendants; but this is a matter for consideration in the first instance by the district court on remand.

The judgment denying Smith access to the audiotapes is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.