**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kendall WARNER, Defendant– Appellant.**

No. 02–2553.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 10, 2003.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

After he was denied parole, federal prisoner Kendall Warner requested a copy of his presentence investigation report. The district court denied his request. We affirm.

Warner requested the report to resolve a dispute about the 1985 conviction for which he is serving time. Warner believes that in denying him parole the parole board relied on an inaccurate postsentence report to calculate the severity of his offense. The postsentence report, dated December 19, 2000, identifies his crime as extortion by mail, see 18 U.S.C. § 876, ¶ 2. But Warner claims, and the transcript of his plea hearing corroborates, that he actually pleaded guilty to the lesser-included offense of sending threatening communications through the mail without the intent to extort money, id. § 876, ¶ 3.

Warner does not have access to his presentence investigation report because his copy was destroyed in a flood at his attorney's office. He then requested a copy of his presentence report from the district court. The court learned that apparently no other copy exists. The copies held by the probation office and the government have been destroyed pursuant to normal document retention policies, and the copy sent to the federal records center could not be found. Thus, the district court could not meet Warner's request and denied his motion, but nonetheless the court obtained and provided Warner with a copy

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

of his December 2000 *postsentence* report, which was relied upon by the parole board, as a substitute.

Presentence investigation reports are judicial records that are afforded extra protection by the courts, *United States v. Corbitt,* 879 F.2d 224, 236 (7th Cir.1989), so as to protect the traditional confidentiality of the personal information they contain, *see Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The district court had jurisdiction over Warner's request because the public, including the parties to an action, have a right of access to judicial records. *See Smith v. United States Dist. Ct. Officers,* 203 F.3d 440, 441 (7th Cir.2000); *Corbitt,* 879 F.2d at 236. But Warner does not dispute that the relief he sought was impossible to provide, and thus we affirm the district court's ruling.

We need not reach the merits of Warner's additional argument that his due process rights were violated by the use of the alleged inaccurate postsentence report to determine whether or not he should receive parole because this contention was not put before the district court and so is not properly before us. *Praxair, Inc. v. Hinshaw & Culbertson,* 235 F.3d 1028, 1035 (7th Cir.2000).

AFFIRMED.