UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 05-1878 & 05-2592

| | |
|---|---|
| EVANGEL YHWHNEWBN,<br>　　　　*Plaintiff-Appellant,*<br><br>　　v.<br><br>BOARD OF EDUCATION et al.,<br>　　　　*Defendants-Appellees.* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 C 1053<br><br>Charles P. Kocoras,<br>*Chief Judge.* |

**O R D E R**

On February 22, 2005, EvAngel YHWHnewBN filed a motion in federal district court titled "emergency motion for temporary restraining order," which sought to restrain the Chicago Board of Education ("the Board") from voting, on February 23, to change the attendance boundaries of Englewood Academy High School. Judge Amy St. Eve never ruled on the motion because YHWHnewBN failed

---

[*] The appellees notified this court that they would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

to serve the Board and the proposal carried.  On February 24 Judge St. Eve transferred the matter to Chief Judge Charles Kocoras because "it became clear" that it was related to a desegregation consent decree, over which he was presiding, between the United States and the Board. *See United States v. Bd. of Educ., City of Chicago*, No. 80 C 5124 (N.D. Ill.).

YHWHnewBN asked the court to "convert" her emergency motion into a request for a preliminary injunction.  After she appeared twice before Judge Kocoras, both times explaining the nature of her request, he dismissed her request, finding that it was unrelated to any existing complaint and did not allege any basis for federal jurisdiction.  She submitted a motion under Federal Rule of Civil Procedure 60(b), but argued only that the initial request for a temporary restraining order should have been accepted "in lieu of" a complaint.  After providing YHWHnewBN a third opportunity to explain her request, Judge Kocoras reiterated that he lacked jurisdiction to hear the case and denied the motion.

YHWHnewBN challenges the dismissal of her request in appeal number 05-1878.  The arguments in her appellate brief are undeveloped, but she seems to argue that Judge Kocoras abused his discretion when he declined to construe her motion as a complaint regarding the attendance boundaries.  That argument, however, is irrelevant because in her attack on local school governance she has not, in the district court or in this court, articulated a basis for federal jurisdiction.  There are vague references to racial discrimination but she does not relate them to her own alleged injuries.  A district court must dismiss a complaint that does not state the basis for the court's jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  We cannot, therefore, say that the district court erred by dismissing her case for lack of jurisdiction.  Having given her three opportunities to explain the source of federal jurisdiction, the district court also did not abuse its discretion by denying her Rule 60(b) motion.

In appeal number 05-2592, YHWHnewBN challenges the district court's denial of her "petition to hear and/or obtain the tapes of transcripts" of her proceedings before Judge Kocoras.  In that petition, she alleged that each dash appearing in the hearing transcripts represented an omission by the court reporter, and therefore she needed to listen to the audiotapes to verify the reliability of the transcripts.  She now argues that she has a statutory right to hear the audiotapes under 28 U.S.C. § 753(b) ("The original notes and other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge.").  She explains that she is seeking the tapes because "Judge Kocoras conspired with his court reporter to remove prejudicial statements from the transcripts."  The court reporter's use of dashes throughout the transcripts, though, merely reflect pauses by the speakers.  If we

construe YHWHnewBN's "petition" as an attempt to assert a right of access to the audiotapes, she has failed to offer any reason to "distrust the accuracy of the stenographic transcript." *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 442 (7th Cir. 2000) (audiotapes backing up court reporter's stenographic record not judicial records absent showing that stenographic transcript is inaccurate).

Accordingly, we AFFIRM the district court's dismissal of YHWHnewBN's case in appeal number 05-1878 and summarily AFFIRM the court's denial of access to the audiotapes in appeal number 05-2592. YHWHnewBN's motion for appointment of counsel is DENIED.