# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2007

Charles R. Fulbruge III
Clerk

No. 07-10422

In The Matter Of: JACK E PRATT

Debtor

-------------------------------------------------------

CADLE COMPANY

Appellant

v.

DIANE DENNIS, COURT REPORTER

Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Cadle Company ("Cadle") appeals the district court's order denying Cadle access to audiotapes of a bankruptcy court hearing. Doubting the accuracy of the stenographic transcript, Cadle moved for production of the backup audiotapes that the court reporter recorded to verify the accuracy of the transcript. The bankruptcy court denied Cadle's motion, and the district court affirmed. For the following reasons, we affirm.

Cadle initiated an adversary action against Jack E. Pratt, Jr. ("Debtor") in December 2000. The bankruptcy court entered judgment against Cadle in the adversary action. In response, Cadle moved for relief from the judgment and for sanctions against opposing counsel. In September 2005, Judge Steven A. Felsenthal issued an oral ruling on these two motions.[1] Before Judge Felsenthal entered the corresponding order(s), Cadle requested that the court reporter, Diane Dennis ("Dennis"), produce a transcript of the hearing. Dennis sent a portion of the transcript to Cadle but told Cadle that the remainder could not be sent at the time because Judge Felsenthal was reviewing those portions. A few days later Dennis sent the balance of the hearing transcript.

Before acquiring the complete transcript, Cadle learned that Judge Felsenthal was leaving the bench and had been offered a position with the law firm of Debtor's counsel. Cadle filed a motion to have Judge Felsenthal recuse himself. After learning of the conflict, Judge Felsenthal recused himself and vacated his orders in the case, including his ruling on the two motions. The case was then transferred to Judge Harlin D. Hale who reheard the two motions.

During the hearing before Judge Felsenthal, Dennis created a stenographic transcript, and an audiotape to serve as a backup. After learning of Judge Felsenthal's conflict, Cadle questioned the accuracy of the transcript. Arguing the audiotapes provided the only way to verify the accuracy of the transcript, Cadle filed a motion to compel production of the tapes. Dennis filed a motion to quash. Judge Hale granted Dennis's motion to quash and denied Cadle's motion to compel production of the tapes. The district court summarily affirmed Judge Hale's order.

On appeal, Cadle repeats the arguments it raised below, claiming that the contentiousness of the hearing, Judge Felsenthal's recusal, and Judge

---

[1] The original adversary action was heard by Judge Harold Abramson who retired during the proceedings. After Judge Abramson's retirement the action was transferred to Judge Felsenthal.

Felsenthal's review of the transcript prior to it being received by Cadle support its claims of inaccuracy. "In reviewing cases originating in bankruptcy, we perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed de novo." In re Soileau, 488 F.3d 302, 305 (5th Cir. 2007) (internal quotation marks and citation omitted).

Judge Felsenthal vacated all of his orders in the case. Judge Hale then reheard the motions that had been before Judge Felsenthal and issued his own rulings. Because the sought-after audiotapes contain recordings of a hearing which resulted in rulings now vacated, Dennis argues that Cadle's appeal is moot. The vacatur obviously mooted any claim that Cadle may have had concerning the impact of the transcript's accuracy on the issues originally handled by Judge Felsenthal. However, Cadle claims that the hearings before Judge Felsenthal could be important to collateral proceedings, such as Cadle's pending action for sanctions against Debtor's counsel arising from the adversary proceeding. As such, Cadle contends that it still has a right to the audiotapes to make sure the transcript is accurate. But see In re Corrugated Container Grand Jury, 659 F.2d 1330, 1331-32 (5th Cir. 1981) (noting that appellant's worry that district court's order will impact potential future litigation cannot overcome the jurisdictional concern that a live controversy be at stake at the time of the appeal).

Even if Cadle's claim is not entirely moot, Cadle has not shown it should be entitled to the tapes. While "[c]ourts have recognized. . . a common law right to inspect and copy judicial records," the right is not absolute. S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993). 28 U.S.C. § 753 requires that court proceedings be recorded by a reliable method, including stenographic means or audiotape, and requires that the court reporter file the "original records" with the court. 28 U.S.C. § 753(b). In considering whether a court

reporter's backup tapes constitute judicial records, the Seventh Circuit looked to § 753(b) and noted that backup tapes are not an original record of proceedings, nor are they filed with the court. Smith v. U.S. District Court Officers, 203 F.3d 440, 441-42 (7th Cir. 2000).[2] In Smith, the Seventh Circuit concluded that a party may obtain audiotapes which constitute original records, but may only obtain a court reporter's backup tapes if there is reason to doubt the accuracy of the stenographic transcript. Id. at 442.

Assuming arguendo that Cadle has some right of access under the circumstances outlined by the Seventh Circuit, Cadle still has not shown reason to doubt the accuracy of the transcript provided. 28 U.S.C. § 753(b) provides that "[t]he transcript in any case certified by the reporter... shall be deemed prima facie a correct statement of the testimony taken and proceedings had." After an evidentiary hearing, Judge Hale specifically found that the transcript was not altered, that Dennis testified credibly that the transcript accurately reflected Judge Felsenthal's ruling, and further found that "Cadle [] did not plead and [its counsel] made clear this morning that it doesn't have a reason to believe the transcript doesn't comport with the hearing." Cadle has not shown that the bankruptcy court clearly erred in reaching these findings. The record provides no reason to doubt the accuracy of the transcript. Accordingly, Cadle cannot compel production of Dennis's audiotapes.[3]

---

[2] Regulations issued by the Judicial Conference of the United States state that a reporter's backup tapes are the personal property of the court reporter to which there is no public entitlement except for recordings of arraignments, charges of plea, and sentencing proceedings. See 6 Guide to Judiciary Policies and Procedures § 16.5.4 (Court Reporters Manual) (Jan. 1998); see also 28 U.S.C. § 753(b) (providing for promulgation of regulations by judicial conference to flesh out section 753).

[3] Cadle also raises a due process argument claiming that the bankruptcy court impermissibly relied only upon the Guide to Judiciary Policies and Procedures, see Footnote 2, supra, which according to Cadle carries no legal authority. Actually, the bankruptcy court relied upon the Seventh Circuit's decision in Smith to support its conclusion that production of the tapes could not be compelled. In Smith, the Seventh Circuit found support for its result in federal statutes, case law, and the Guide. The bankruptcy court's ruling can be presumed to rest on all of the sources pointed out in Smith. As such, Cadle's claim is without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.