**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4845**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DAVIS, a/k/a Tank Top,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:13-cr-00002-WDQ-1)

Submitted: April 29, 2016               Decided: May 6, 2016

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Arthur S. Cheslock, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antonio Davis of conspiracy to affect commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2012); conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012); conspiracy to possess firearms in furtherance of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (2012); possession of a firearm in furtherance of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1) (2012). The district court sentenced Davis to a total of 295 months' imprisonment.

On appeal, counsel for Davis filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in certifying the transcript for appeal, whether the government's employment of a stash house sting operation constituted outrageous conduct, whether the district court abused its discretion in admitting evidence of Davis' criminal record, and whether sufficient evidence supported Davis' convictions for possession of a firearm. Davis did not file a supplemental pro se brief, despite notice of his right to

2

do so.  The government elected not to file a response to the Anders brief.

I.

On appeal, Davis first contends that the district court abused its discretion by certifying the trial transcripts without referring to the court reporter's backup tapes.  Davis asserts that the trial transcript is deficient because it does not reflect (1) his statement to the court on the first day of trial that he had not had time to prepare a defense and wanted a new lawyer, and (2) defense counsel's objection to the trial court's response to the jury's question regarding entrapment.

The Court Reporter Act requires a verbatim recording of "all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b) (2012).  "The public, including the parties to a suit, have a right of access to the records of a judicial proceeding."  Smith v. U.S. Dist. Court Officers, 203 F.3d 440, 441 (7th Cir. 2000).  A defendant would have a right to access a tape that is an original record of the proceeding.  Id. at 442. However, "audiotapes that merely back up the court reporter's stenographic record" are the "personal property of the reporter" and are not "judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript."  Id.

We have held that, when a portion of a trial transcript is unavailable, "[t]he lack of a record does not warrant reversal

3

. . . as long as the reviewing court is satisfied that no error occurred at trial. The appellant must demonstrate that the missing portion . . . specifically prejudices his appeal before relief will be granted." United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985) (internal citation omitted); see United States v. Huggins, 191 F.3d 532, 537 (4th Cir. 1999) (when a transcript is missing or less than complete, the "defendant must show that the transcript errors specifically prejudiced his ability to perfect an appeal."). An appellant demonstrates prejudice "when a trial transcript is so deficient that it is impossible for the appellate court to determine if the district court has committed reversible error." Huggins, 191 F.3d at 537 (internal quotation marks omitted).

Here, the district court conducted an evidentiary hearing and certified the transcripts based on the testimony of the court reporter, trial counsel, and the court's own recollection of events. Davis does not pursue either of the alleged omissions substantively on appeal, nor does our review pursuant to Anders find any meritorious issue associated with the purported omissions. Accordingly, we conclude that Davis fails to establish prejudice.

## II.

In his second issue on appeal, Davis suggests that the government's employment of a stash house sting operation was

4

outrageous conduct in violation of the Due Process Clause. The Supreme Court has held that there may be "a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 U.S. 423, 431 (1973). However, "the outrageous conduct doctrine is highly circumscribed and applies only in rare cases." United States v. Hare, __ F.3d __, __, No. 14-4758, 2016 WL 1567051, at *7 (4th Cir. Apr. 19, 2016) (internal citations and quotation marks omitted). "The government's actions must be shocking or offensive to traditional notions of fundamental fairness." Id. (internal quotation marks omitted). We recently held in Hare that it is not outrageous for law enforcement "to utilize stash house stings as an investigative tool." Id. at *8. Given the circumstances of the instant case, the government's conduct here was not "so outrageous as to shock the conscience of the court." Id. (internal quotations marks omitted).

### III.

Next, Davis complains that the trial court abused its discretion by admitting Fed. R. Evid. 404(b) evidence, specifically Davis' criminal record. Fed. R. Evid. 404 "generally prohibits evidence of other crimes or bad acts to prove the defendant's character and conduct in accordance with

his character." United States v. McLaurin, 764 F.3d 372, 380 (4th Cir. 2014), cert. denied, 135 S. Ct. 1842 (2015). However, such evidence may be admissible for another purpose and "there is no doubt that proving predisposition [to rebut an entrapment defense] is one of the purposes for which bad-act evidence may be admissible." Id. "To be admissible under Rule 404(b) to prove predisposition, . . . the past conduct need not be identical to the crime charged. Rather, the conduct need only be similar enough and close enough in time to be relevant to the matter at issue." Id. at 382 (internal quotation marks omitted). "Where the evidence is probative, the balance under [Fed. R. Evid.] 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Lentz, 524 F.3d 501, 525 (4th Cir. 2008) (internal quotation marks omitted). A district court abuses its discretion by admitting Rule 404(b) evidence only if its decision "was arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002).

Davis' criminal record established that he had been convicted of attempted first-degree murder, two counts of first-degree assault, and the use of a firearm in the commission of those offenses. Davis was on parole for these crimes at the time of the instant offense. We conclude that the district court did not abuse its discretion in finding that Davis'

6

criminal record was relevant as to whether he was predisposed to commit violent crimes with firearms.

IV.

Finally, Davis questions the sufficiency of the evidence supporting his convictions for possession of a firearm. We review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). In considering a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the government and inquire "whether a reasonable finder of fact could find the essential elements of the crime beyond a reasonable doubt." United States v. Min, 704 F.3d 314, 322 (4th Cir. 2013). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted).

To prove a violation of § 924(c)(1), the government must demonstrate that: "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence," United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997), or "that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks omitted). The

7

government can prove the possession element of this offense by establishing that the defendant "exercised, or had the power to exercise, dominion and control over the firearm." United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007) (internal quotation marks omitted).

Likewise, "[l]iability under § 922(g)(1) may arise from a felon's voluntary and intentional possession of a firearm, whether the felon possessed the weapon actually or constructively, exclusively or jointly with others." United States v. Graham, 796 F.3d 332, 376 (4th Cir. 2015), reh'g en banc granted, 624 F. App'x 75 (4th Cir. Oct. 28, 2015) (granting government's petition for rehearing regarding warrantless procurement of cell site location information). "Constructive possession occurs when a person exercises, or has the power to exercise, dominion and control over an item of property." Id. (alterations and internal quotation marks omitted). Evidence that "a defendant has dominion and control over the . . . vehicle where the item is located" establishes constructive possession of the item. Id.

Moreover, a defendant is liable for his codefendant's reasonably foreseeable acts in furtherance of a conspiracy. See United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir. 2010) (citing United States v. Pinkerton, 328 U.S. 640, 647 (1946)) (setting forth doctrine of vicarious coconspirator liability).

8

Finally, "[a] defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (internal quotation marks omitted). "An active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows [in advance] that one of his confederates will carry a gun." Rosemond v. United States, 134 S. Ct. 1240, 1249 (2014).

We have reviewed the evidence and conclude that, under any theory, the evidence is sufficient to support Davis' substantive firearm convictions.

V.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED