RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0100p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 19-2083

*v.*

ROGER MAX AUSTIN,

*Defendant-Appellant.*

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:15-cr-20609-1—Robert H. Cleland, District Judge.

Decided and Filed:  March 31, 2020

Before:  COOK and THAPAR, Circuit Judges; HOOD, District Judge.[*]

───────────────

### COUNSEL

**ON BRIEF:**  Sheldon N. Light, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.  Roger Austin, White Deer, Pennsylvania, pro se.

───────────────

### OPINION

───────────────

PER CURIAM.  Roger Max Austin, a pro se federal prisoner, appeals the district court's order denying his motion to request audio recordings of his arraignment and sentencing hearings. But Austin received the transcripts of those proceedings and has no right to the audio recordings. Thus, we affirm.

──────────────────

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In 2017, a jury found Austin guilty of being a felon in possession of a firearm; using, carrying, or possessing a firearm during a drug-trafficking crime; and conspiracy to manufacture, distribute, or possess with intent to distribute a controlled substance. The district court sentenced him to a total of 255 months of imprisonment, to be followed by five years of supervised release. We recently affirmed his convictions and sentence. *United States v. Austin*, No. 18-2040, 2019 WL 6954342 (6th Cir. Dec. 19, 2019).

While Austin's direct appeal was pending, he filed a "Motion to Request Audio Recordings" in which he sought permission to access the backup audio recordings for his arraignment and sentencing hearing. He believed that the certified, written transcripts were in some way erroneous, and he desired to compare them to the audio recordings. The district court denied the motion. He now asserts the same claim on appeal, and we review for an abuse of discretion. *United States v. Quinn*, 230 F.3d 862, 866 (6th Cir. 2000); *see United States v. Bartle*, 835 F.2d 646, 650 (6th Cir. 1987).

Litigants and the public alike have a right to access the records of a judicial proceeding. *See, e.g.*, *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000); *United States v. Davis*, 648 F. App'x 295, 297 (4th Cir. 2016) (per curiam). One such record is the transcript of proceedings. *See* 28 U.S.C. § 753(b). An audiotape recording can also qualify when it is the *only* record made of a proceeding. *See Smith*, 203 F.3d at 441. But when an audiotape is merely a backup to the court reporter's stenographic record (as here), the audiotape is the personal property of the court reporter and there is no public entitlement to the audiotapes except for "arraignments, changes of plea, and sentencings *filed with the clerk of court*." 6 Guide to Judiciary Policy § 510.40.10(c)(2) (emphasis added); *see In re Pratt*, 511 F.3d 483, 485 n.2 (5th Cir. 2007); *Smith*, 203 F.3d at 442. In other words, the court reporter must file *either* a transcript *or* an electronic recording. 6 Guide to Judiciary Policy § 290.20.20(c)(1). A litigant is not automatically entitled to both.

That is because a transcript is presumed to be a correct representation of the proceedings. *See* 28 U.S.C. § 753(b). When a transcript is certified by the court reporter, it is "deemed prima facie a correct statement of the testimony taken and proceedings had." *Id.*

To the extent that a litigant can overcome this "prima facie" presumption, Austin has not done so here. *Id.* After all, the district court found that the stenographic transcripts filed in his case had been properly certified by the court reporter, and it found no reason to doubt the accuracy of the transcripts. And since Austin did not provide the district court with any reason to distrust the accuracy of the transcripts, his new arguments on that point are not properly before this court. *See United States v. Kennedy*, 714 F.3d 951, 959 (6th Cir. 2013); *United States v. Ellison*, 462 F.3d 557, 560–61 (6th Cir. 2006) (noting that a forfeited argument cannot be considered on appeal if it requires "further development of the record at the district court level").

Accordingly, we **AFFIRM** the district court's judgment.