FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BANI MORENO,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 20-6151
(D.C. No. 5:20-CV-00535-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal involves a request for mandamus, which grew out of a

jury trial on drug charges.[1] After the trial, defendant Bani Moreno

---

[*]    Because oral argument would not materially help us decide the appeal, we base our decision on the briefs and record on appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]    The trial resulted in convictions on five counts:

- one count of conspiring to possess methamphetamine with intent to distribute,

- two counts of using a communication device to facilitate a drug transaction,

requested the court reporter's backup audiotapes. The district court denied the request, and Mr. Moreno appeals from this ruling and seeks leave to proceed in forma pauperis. We affirm the denial of mandamus but grant leave to proceed in forma pauperis.

**Mandamus**

Mandamus is a "drastic remedy" that is highly discretionary and justifiable only in "extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (quoting *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 655 (10th Cir. 1984)). To justify this drastic remedy, a petitioner must show

- the absence of other adequate means to obtain relief and

- a "clear and indisputable" right to mandamus.

*Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

Mr. Moreno alleges satisfaction of these requirements based on his recollection of trial testimony that does not appear in the transcript. Based on this allegation, Mr. Moreno wanted the court reporter's backup audiotapes in order to check the accuracy of the trial transcript.

---

- one count of distributing methamphetamine, and

- one count of possessing methamphetamine with intent to distribute.

2

In our view, Mr. Moreno has not shown a clear, indisputable right to the backup audiotapes. The district court recognized Mr. Moreno's right to access the court reporter's notes. But Mr. Moreno also wanted the backup audiotapes, which were the court reporter's personal property. *See* 6 *Guide to Judiciary Policy* § 510.40.10(c)(1) ("Backup recordings made by court reporters for their own convenience and not otherwise required by 28 U.S.C. § 753 are the personal property of the court reporter."); *see also Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 442 (7th Cir. 2000) (stating that backup audiotapes are the court reporter's personal property). The district court must safeguard the court reporter's backup audiotapes unless there is some reason to distrust the accuracy of the transcript. *See Smith*, 203 F.3d at 442 (stating that the backup audiotapes should not "be deemed judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript").

The court reporter attested to the accuracy of Mr. Moreno's trial transcript, and this attestation constituted prima facie evidence of the transcript's accuracy. *United States v. Austin*, 954 F.3d 877, 879 (6th Cir. 2020). Despite this prima facie evidence of accuracy, Mr. Moreno points out that (1) the attestation is not necessarily foolproof and (2) his memory diverges from the transcript. But parties, attorneys, and judges often misremember what was said in a court proceeding, particularly when trying to remember what had been said years earlier.

Mr. Moreno moved for the writ roughly 7-1/2 years after the trial. To justify a writ requiring production of the court reporter's property, Mr. Moreno had to do more than just say that his memory of what was said over seven years ago had diverged from the transcript. But he didn't present any other evidence to support his recollection of what had been said at the trial. So he has not shown a clear, indisputable right to mandamus relief. We thus affirm the denial of mandamus.

**Leave to Proceed in Forma Pauperis**

Though we affirm the denial of a writ of mandamus, we grant leave to proceed in forma pauperis.

To obtain leave to proceed in forma pauperis, Mr. Moreno must show that he

- lacks the money to prepay the filing fee and

- brings the appeal in good faith.

28 U.S.C. § 1915(a)(1), (a)(3). Mr. Moreno satisfies both requirements. He cannot prepay the filing fee, and we have no reason to question his good faith. We thus grant leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4