**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4058**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TONY OBRIAN DAVIS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00093-RJC-DCK-1)

---

Submitted:  April 20, 2022                                     Decided:  May 18, 2022

---

Before NIEMEYER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony OBrian Davis appeals his conviction and 180-month sentence imposed following his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Davis' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Davis' conviction and sentence are invalid on numerous grounds. The Government has declined to file a response brief. Davis has filed an original and supplemental pro se brief, also raising numerous challenges to his convictions and sentence. We affirm.

Initially, we address Davis' motion to proceed pro se on appeal and counsel's motion to withdraw. A defendant has no constitutional right to self-representation on appeal. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 163-64 (2000). Davis delayed in informing the court of his request to proceed pro se, *see* 4th Cir. R. 46(f), and we have thoroughly considered his pro se arguments, *see United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). Moreover, we find the contentions in Davis' motion unsupported by the available record.[1] We therefore deny Davis leave to proceed pro se and counsel leave to withdraw.

---

[1] Insofar as Davis challenges the accuracy of the transcripts of the district court proceedings, such disputes generally must be resolved by the district court in the first instance. *See* Fed. R. App. P. 10(e)(1); 4th Cir. R. 10(d). Davis' bald assertions of unspecified error are insufficient to warrant any relief on appeal. *See* 28 U.S.C. § 753(b); *United States v. Austin*, 954 F.3d 877, 879 (6th Cir. 2020); *United States v. Graham*, 711 F.3d 445, 451-52 (4th Cir. 2013).

2

Counsel questions whether Davis' guilty plea is valid.  Because Davis did not challenge the Fed. R. Crim. P. 11 colloquy in the district court, we review its adequacy for plain error. *United States v. Mastrapa*, 509 F.3d 652, 657 (4th Cir. 2007); *see United States v. Davila*, 569 U.S. 597, 608 (2013) (describing standard of review); *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc) (same).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading, and the possible consequences of pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must determine that the plea is voluntary and not the result of force, threats, or promises extrinsic to the plea agreement and that a factual basis exists for the plea.  Fed. R. Crim. P. 11(b)(2), (3).  "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).  Although our review of the Rule 11 colloquy reveals several omissions, *see* Fed. R. Crim. P. 11(b)(1)(D), (E), (H), (I), (J), we conclude that these omissions did not affect Davis' substantial rights, *see Davila*, 569 U.S. at 608; *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008).

Next, counsel and Davis raise myriad claims of ineffective assistance of trial counsel.  We will decline to consider claims of ineffective assistance of counsel raised on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  Instead, such claims generally must be reserved for a 28 U.S.C. § 2255 motion to permit adequate

3

development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record before us "fails to conclusively show ineffective assistance," *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 927 (2020), we decline to consider those claims in this appeal.

Counsel and Davis also challenge the district court's denial of Davis' motions to substitute his fourth appointed counsel and counsel's motion to withdraw. We review for abuse of discretion the denial of a motion to withdraw or to substitute counsel. *See United States v. Blackledge*, 751 F.3d 188, 193 (4th Cir. 2014); *United States v. Horton*, 693 F.3d 463, 466 (4th Cir. 2012). In determining whether the district court has abused its discretion, we consider: "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Blackledge*, 751 F.3d at 194 (internal quotation marks omitted). In view of these factors and our review of the record as a whole, we discern no abuse of discretion in the district court's refusal to appoint Davis a fifth attorney or to allow counsel to withdraw shortly before sentencing. *See United States v. Smith*, 640 F.3d 580, 591 (4th Cir. 2011) ("Even if a breakdown is genuine, after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem."); *United States v. DeTemple*, 162 F.3d 279, 289 (4th Cir. 1998) ("A court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem.").

Counsel and Davis also raise multiple challenges to Davis' sentence. We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—

4

under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). We first consider "whether the district court committed significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lester*, 985 F.3d 377, 384 (4th Cir. 2021) (cleaned up). In assessing Guidelines calculations, "we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).

If we find the sentence procedurally sound, we also review the substantive reasonableness of the sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). This inquiry requires us to "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up). To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume that a sentence within a properly-calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Davis bears the burden to rebut that presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record indicates that Davis' sentence is procedurally and substantively reasonable. First, contrary to counsel's and Davis' suggestion, we discern

5

no breach of the plea agreement's plain terms, based on either the Government's arguments related to its sentencing recommendation or its failure to object to the district court's application of a firearm enhancement. *See United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011) ("The [G]overnment is only bound . . . by the promises that were actually made in inducing a guilty plea."). Next, Davis and counsel take issue with the fact that Davis did not participate in a presentence interview or submit a statement to the probation officer regarding relevant conduct. However, the available record neither demonstrates why these omissions occurred nor suggests prejudice, particularly given Davis' ample opportunity to present arguments pro se at sentencing.

Counsel and Davis also challenge the district court's drug weight calculation, which Davis claims was derived from an incriminating statement he made during a post-arrest interview that violated *Miranda v. Arizona*, 384 U.S. 436 (1966).[2] However, the district court's drug weight calculation was the lowest possible drug weight supported by Davis' own stipulation in his plea agreement, which he entered with full knowledge of the alleged *Miranda* violation. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2018). Moreover, we discern no clear error in the district court's factual findings on the *Miranda* issue during the sentencing hearing. *See United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (describing deference afforded credibility determinations); *Shephard*, 892

---

[2] To the extent Davis also seeks to assert his *Miranda* claim as a basis for challenging his conviction, that challenge is barred by his knowing and voluntary guilty plea. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975); *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010).

F.3d at 670 (standard of review); *United States v. Giddins*, 858 F.3d 870, 879 (4th Cir. 2017) (legal standard). And, in any event, the available record fails to suggest circumstances that would require the statement's exclusion, even if it were attributable to a *Miranda* violation. *See United States v. Nichols*, 438 F.3d 437, 442 (4th Cir. 2006) (holding that statements obtained in violation of *Miranda* generally may be considered at sentencing). Thus, the district court committed no clear error in calculating the applicable drug weight.

Turning to counsel's and Davis' remaining sentencing challenges, the district court properly calculated Davis' Guidelines range, including his base offense level, *see* USSG § 2D1.1(c)(5), and criminal history score, *see* USSG §§ 4A1.1(c), 4A1.2(a)(2), (d)(1) & cmt. n.2; *United States v. Sitton*, 21 F.4th 873, 874 (4th Cir. 2022).[3] It considered counsel's and Davis' mitigation arguments and provided a reasoned basis for the sentence it imposed, grounded in the relevant § 3553(a) factors. Although the court selected a sentence higher than the Government's sentencing recommendation, it acted within its discretion in finding the relevant mitigating facts outweighed by Davis' record of recidivism and the need to

---

[3] We need not resolve counsel's and Davis' challenges to Davis' career offender enhancement. In light of the district court's rulings during the sentencing hearing, Davis' Guidelines range remained the same whether calculated under the career offender Guidelines or the offense level and criminal history score attributable solely to his offense conduct. Any conceivable error in the career offender enhancement is thus harmless. *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) ("[I]t is unnecessary to vacate a sentence based on an asserted [G]uidelines calculation error if we can determine from the record that the asserted error is harmless."); *United States v. Dowell*, 771 F.3d 162, 175-76 (4th Cir. 2014) (holding that Guidelines error was harmless because it did not impact applicable Guidelines range).

deter and protect the public from further crime. Finally, Davis has not rebutted the presumption of substantive reasonableness accorded his within-Guidelines sentence. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[4] We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] We have considered the remaining contentions in Davis' pro se briefs and find no arguable merit to these claims on the available record.