**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO MONDRAGON-AVILEZ,

Defendant - Appellant.

No. 06-3418

(D. Kansas)

(D.C. No. 02-CR-40114-JAR)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Pursuant to the terms of a written plea agreement dated May 15, 2003,

defendant-appellant, Mario Mondragon-Avilez pleaded guilty to distributing fifty

grams or more of a mixture or substance containing a detectable amount of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

methamphetamine, in violation of 21 U.S.C. § 841(2)(1).  The district court conducted two sentencing hearings; Mondragon-Avilez testified through an interpreter at both hearings.  On November 24, 2003, Mondragon-Avilez was sentenced to 262 months' imprisonment based on an offense level of thirty-seven and a criminal history category of III.

The plea agreement contained the following waiver of Mondragon-Avilez's right to appeal or collaterally attack his conviction or sentence.

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guidelines range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

Notwithstanding the waiver, Mondragon-Avilez filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and *Booker* error.  *See United States v. Booker*, 543 U.S. 220 (2005).  The district court denied the motion on March 31, 2005.

On July 25, 2006, Mondragon-Avilez filed a motion seeking audiotapes made by the court reporter during the sentencing hearing held on November 12, 2003. He argued that inaccuracies in the interpreter's translation of his testimony may have affected the sentenced imposed by the district court. He sought to review the tapes to determine whether he should file a successive motion pursuant to 28 U.S.C. § 2255. The district court denied the motion on several alternative grounds and Mondragon-Avilez filed a motion seeking reconsideration. That motion was also denied and this appeal followed.

The Government argues Mondragon-Avilez's appeal should be dismissed based on the appeal waiver in the plea agreement. We disagree. This court will enforce a defendant's waiver of his right to appeal or collaterally attack his sentence if (1) the disputed issue falls within the scope of the waiver of appellate rights, (2) the waiver was knowing and voluntarily, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Mondragon-Avilez states his sole purpose for seeking the audiotapes is to determine whether the district court relied on inaccurately translated testimony when it calculated his sentence. He asserts the audiotapes may provide a factual basis for a second or successive § 2255 habeas motion. Although Mondragon-Avilez expressly waived his right to appeal or collaterally attack any sentence imposed by the district court, or the manner in which it was calculated, his motion seeks to do none of those things. Thus, it is not within the

scope of the waiver. To the extent the district court dismissed his motion on this basis, that decision was erroneous. Nevertheless, we can affirm the district court's ruling. *See Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (holding the appellate court "may affirm on any grounds supported by the record").

Although his original motion is less than clear on this point, the relief Mondragon-Avilez seeks is to have the court reporter's backup audiotapes placed in the record pursuant to 28 U.S.C. § 753(b) and the applicable regulations enacted by the Judicial Conference of the United States. *See* 6 Guide to Judiciary Policies and Procedures § 16.5.4 (Court Reporters Manual) (Jan. 1998). Mondragon-Avilez can only obtain that relief, if at all, through a writ of mandamus. Because his motion cannot be construed as a petition for writ of mandamus, it was proper to dismiss it.

**Affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge