**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BANI MORENO,

    Defendant - Appellant.

No. 16-6148
(D.C. No. 5:12-CR-00297-R-13
and 5:16-CV-00072-R)
(W.D. Oklahoma)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Bani Moreno, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) granting him permission to appeal from the denial of his motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Exercising

jurisdiction under 28 U.S.C. § 1291, we deny his request for a COA.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Moreno appears in these proceedings without counsel, we
construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per
curiam). But we stop short of acting as his advocate. *See United States v. Pinson*, 584
F.3d 972, 975 (10th Cir. 2009).

## I.    BACKGROUND

Mr. Moreno was convicted after a jury trial of one count of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1); two counts of using a communication device to facilitate a drug transaction in violation of 21 U.S.C. § 843(b); one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 144 months of imprisonment, followed by five months of supervised release. This court affirmed his conviction on direct appeal. *See United States v. Moreno*, 607 F. App'x 775 (10th Cir. Apr. 15, 2015) (unpublished).

Mr. Moreno then filed an application for a writ of habeas corpus under 28 U.S.C. § 2255, alleging several claims of ineffective assistance of counsel. The district court denied the motion and on March 11, 2016, it entered judgment against Mr. Moreno. On March 21, 2016, Mr. Moreno filed a post-judgment motion seeking reconsideration, which he styled as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e) (Motion to Alter or Amend Judgment). The district court treated the motion as an unauthorized second or successive § 2255 petition and dismissed for lack of jurisdiction. The district court also denied Mr. Moreno's request for a COA to appeal the denial of his original § 2255 petition. Mr. Moreno filed this appeal.

## II.    DISCUSSION

To begin, we address the scope of this appeal. Because Mr. Moreno filed his Rule 59(e) motion within 28 days of judgment, the time to file his Notice of Appeal from the order denying his § 2255 petition was tolled. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. App. P. 4(a)(4)(A)(iv) (providing that the time for filing an appeal runs from the order disposing of a timely motion to alter or amend judgment). Thus, Mr. Moreno's Notice of Appeal was timely and could properly notice his challenge to the order denying his § 2255 petition and the subsequent order dismissing his Rule 59(e) motion for lack of jurisdiction.

In his Notice of Appeal, however, Mr. Moreno identifies the decision appealed from as Document 960, which is the district court's order dismissing his Rule 59(e) motion for lack of jurisdiction. *See* Fed. R. App. P. 3(c)(1)(B) (requiring that notice of appeal "designate the judgment, order, or part thereof being appealed"). Generally, we construe a notice of appeal strictly where the appellant designates only part of the trial court's decision as the subject of the appeal. *See Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990). But "[a] mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced." *Sanabria v. United* States, 437 U.S. 54, 67 n.21 (1978); *see also Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992) ("The requirements of Rule 3 should be liberally construed.").

Mr. Moreno's Notice of Appeal states, with our emphasis:

COMES NOW, Bani Moreno, ("Moreno"), Pro Se, to the Honorable Court filing this instant Notice of Appeal of the Court's "Order" (Document 960) *that denied Moreno's 2255, and Certificate of Appealability ("COA").* Herein, and herewith, Moreno, notices the Honorable Court of his filing of an application for COA with The United States Court of Appeals, in accord with 28 U.S.C. Section 2253, and F.R.A.P., Rule 22(b).

Although the Notice of Appeal references Document 960—the order denying his Rule 59(e) motion—the text of the notice provides fair notice that he intends to appeal from the district court's previous order denying his § 2255 application. Accordingly, Mr. Moreno has effectively appealed both orders.[2]

But before we can exercise jurisdiction over Mr. Moreno's appeal of the denial of his application for relief under § 2255, he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). We will issue a COA only if Mr. Moreno "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing, Mr. Moreno must demonstrate "that reasonable jurists could debate whether (or,

---

[2] Furthermore, Mr. Moreno filed his brief seeking a COA from this court before the time to appeal from the denial of his timely Rule 59(e) motion expired. Even if we had concluded that he had not adequately identified the order denying his § 2255 application in the Notice of Appeal, we could treat Mr. Moreno's brief as an amended notice of appeal. This is because it was timely under Rule 4 and fairly raises arguments applicable to the order denying his original § 2255 petition, as well as the order treating his Rule 59(e) motion as a successive § 2255 petition and dismissing it for lack of jurisdiction. *See* Fed. R. App. P. 4(a)(1)(A); *see also Smith v. Barry,* 502 U.S. 244, 249 (1992) (stating that the Federal Rules "do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal . . . if the filing is timely under Rule 4 and conveys the information required by Rule 3(c)").

4

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Mr. Moreno has not made that showing here.

In seeking a COA to challenge the district court's order denying his § 2255 application, Mr. Moreno argues three instances of ineffective assistance of counsel deprived him of a constitutional right. To establish constitutionally ineffective assistance of counsel, Mr. Moreno must establish both that 1) his counsel's performance fell below an objective standard of reasonableness; and 2) that the deficient performance resulted in prejudice to Mr. Moreno. *See Strickland v. Washington*, 466 U.S. 668, 690–92 (1984). The failure to establish either prong of this test is fatal to a claim of ineffective assistance of counsel. *See United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009).

In his § 2255 application, Mr. Moreno first asserts trial counsel performed ineffectively by failing to require proof that the members of the petit and grand juries were United States citizens and were not disqualified due to pledging allegiance to sworn enemies of the United States. Second, he argues trial counsel performed deficiently by failing to object when the trial court struck a juror for cause. Mr. Moreno's third claim is that trial counsel performed deficiently by failing to object to the government's reference to Mr. Moreno's post-arrest invocation of his right to remain silent. The district court considered and rejected each of these claims.

With respect to Mr. Moreno's claim that trial counsel performed ineffectively by failing to inquire as to the citizenship of the grand and petit jurors, the district court found

5

Mr. Moreno had, "failed to show that some of the jurors were not citizens of the United States and that he was prejudiced by that fact." The district court thus held that even if the conduct complained of had been deficient, Mr. Moreno had failed to establish that it was prejudicial. In his brief to this court, Mr. Moreno continues to pose the hypothetical possibility that one or more jurors may not have been citizens of the United States. But the burden is on Mr. Moreno to establish prejudice in support of his ineffective assistance claim, not on the government to disprove it. *See Strickland*, 466 U.S. at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."). Because reasonable jurists would not find debatable or wrong the district court's assessment that Mr. Moreno failed to prove prejudice, he is not entitled to a COA on this issue.

Next, we consider Mr. Moreno's ineffective assistance claim based on trial counsel's failure to object when the trial court struck a juror who had some family members facing drug charges and others working at the County Jail. The district court found neither prong of the *Strickland* test had been met with respect to this claim. Specifically, it held Mr. Moreno had failed to establish that counsel's conduct fell outside the wide range of acceptable professional conduct, or that there is a reasonable possibility the result of Mr. Moreno's trial would have been more favorable but for the alleged deficient performance. Given the broad discretion trial courts enjoy in assessing juror bias, we conclude that reasonable jurists would not find the district court's decision wrong or debatable. Consequently, Mr. Moreno is not entitled to a COA on this issue. *See United States v. Scull*, 321 F.3d 1270, 1278 (10th Cir. 2003) ("The district court has

6

broad discretion in determining how to handle allegations of juror bias." (internal quotations marks omitted)).

Mr. Moreno also claims his trial counsel performed ineffectively by not moving for a mistrial or obtaining a curative instruction after the prosecutor elicited testimony about Mr. Moreno's post-arrest exercise of his right to remain silent. The district court rejected this argument based on the trial court's remedial action in immediately admonishing the prosecution to refrain from future references to Mr. Moreno's silence and on the substantial evidence of Mr. Moreno's guilt. It also concluded that trial counsel's failure to seek a curative instruction was not deficient because the instruction "would merely have highlighted [Mr. Moreno's] post-arrest invocation of his right to counsel." And the district court held Mr. Moreno had failed to establish a reasonable probability the result of trial would have been different but for the alleged deficient performance. Based on our independent review of the record, we easily conclude that reasonable jurists would not find the district court's assessment wrong or debatable. Mr. Moreno has therefore failed to establish his entitlement to a COA on this issue.

Finally, Mr. Moreno challenges the district court's dismissal of his Rule 59(e) motion. The district court treated the motion as a second or successive petition under § 2255 and dismissed it for lack of jurisdiction. *See United States v. Torres*, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (holding that the district court properly characterized federal prisoner's "petition for writ of error coram nobis and/or petition for writ of audita querela" as a successive § 2255 petition and stating, "to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different

name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255"). That characterization is correct.

The post-judgment motion did not assert a procedural defect affecting the district court's resolution of Mr. Moreno's initial § 2255 petition. Instead, it reargues and expands upon the substantive challenges to Mr. Moreno's underlying conviction raised in that initial petition. As such, it is not a "true" motion to alter or amend judgment under Rule 59(e). *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (holding that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," as opposed to a "true" Rule 60(b) motion, which "(1) challenges only a procedural ruling of the habeas court . . . or (2) challenges a defect in the integrity of the federal habeas proceeding") (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005)); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (holding that Rule 59(e) motions are subject to the same treatment as Rule 60(b) motions under *Spitznas*)). Thus, the district court's conclusion that Mr. Moreno's post-judgment motion was not a true motion to alter or amend judgment, but was instead a successive petition under § 2255 over which it lacked jurisdiction, is not subject to debate.

### III. CONCLUSION

For the reasons set out above, this court denies Mr. Moreno's request for a COA and dismisses this appeal.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge