**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BANI MORENO,

    Defendant - Appellant.

No. 19-6028
(D.C. No. 5:12-CR-00297-R-13)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Appellant, Bani Moreno, is a federal prisoner proceeding pro se. Moreno is

appealing a district court's order reducing his 151-month sentence to 131 months.

Moreno argues the district court abused its discretion by failing to reduce his

sentence to the low-end of the advisory guidelines range, that is, 121 months.

Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

In 2013, Moreno was convicted of one count of conspiracy to possess with

intent to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); one

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count of distribution of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A); one count of possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1); and two counts of using a telecommunications device to facilitate a drug transaction, 21 U.S.C. § 843(b).

Moreno's total offense level was 34, and under the sentencing guidelines, he was sentenced to 151 months' imprisonment from an advisory range of 151 to 188 months. Moreno filed an appeal, and this Court affirmed his conviction. *United States v. Moreno*, 607 F. App'x 775, 776 (10th Cir. 2015) (unpublished). Moreno later filed a motion claiming ineffective assistance of counsel, which the district court denied. Moreno sought a certificate of appealability from this Court, which we denied, dismissing his appeal. *United States v. Moreno*, 655 F. App'x 708, 710 (10th Cir. 2016) (unpublished).

In 2014, Congress approved Amendment 782, which "reduced the base offense levels assigned to [most drugs and] drug quantities in U.S.S.G. § 2D1.1 . . . ." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016). On December 26, 2018, under 18 U.S.C. § 3582(c)(2), Moreno filed a timely motion requesting a sentence reduction based on Amendment 782. The government did not object to a sentence reduction. The district court recalculated Moreno's total offense level at 32 and his resulting advisory sentencing range at 121 to 151 months. Then the district court resentenced Moreno to a mid-range sentence, 131 months. Moreno filed a motion to reconsider, arguing that the district court had no reason to reduce his sentence by twenty months instead of by thirty months. The district court denied the motion. Moreno appealed

the district court's order, arguing the district court abused its discretion by not sufficiently explaining why it chose a mid-range sentence of 131 months.

## DISCUSSION

We review de novo a district court's resentencing determination under 18 U.S.C. § 3582(c)(2). *United States v. Chavez-Meza (Chavez-Meza I)*, 854 F.3d 655, 657 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1959 (2018); *United States v. Verdin-Garcia*, 824 F.3d 1218, 1220–21 (10th Cir. 2016). Moreno argues the district court abused its discretion by insufficiently explaining its mid-range sentence. The Supreme Court rejected a similar argument in *Chavez-Meza v. United States (Chavez-Meza II)*, 138 S. Ct. 1959, 1965 (2018).

In *Chavez-Meza I*, the defendant was sentenced to 135 months' imprisonment for conspiracy and possession with intent to distribute methamphetamine. 854 F.3d at 657. With Congress's approval, the Sentencing Commission adopted Amendment 782, which lowered the sentencing range applicable to the defendant. *See id*; *see* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (U.S. Sentencing Comm'n 2014). In response, the defendant requested a sentence reduction under 18 U.S.C. § 3582(c)(2), and the district court issued an order reducing the defendant's sentence to 114 months. 854 F.3d at 657. In its sentencing order, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors "to the extent that they [were] applicable." *Id.* The district court provided no further explanation. *Id.* The defendant challenged the district court's sentence-reduction order, arguing the district court erred "by failing to adequately explain how it applied the § 3553(a) factors" in

3

imposing a mid-range sentence reduction as opposed to a low-end reduction. *Id.* at 656. We affirmed the district court after finding it had at least considered the § 3553(a) factors. *Id.*

The defendant appealed to the Supreme Court, and the Supreme Court affirmed. *Chavez-Meza II*, 138 S. Ct. at 1963. The Supreme Court held that "where . . . 'the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.'" *Id.* at 1964 (quoting *Rita v. United States*, 551 U.S. 338, 359 (2007)). The Supreme Court further concluded that where a case is simple, and the sentence is within the guidelines range, a court need not provide an in-depth explanation of its decision, and a sentencing court may rely on the record and the § 3553(a) factors. *Id.* at 1964–65. The Supreme Court also considered that the sentencing judge had the record before him during the resentencing and that it was the same judge who had ordered both the original sentence and the sentence modification. *Id.* at 1967.

Here, the judge who ordered Moreno's original sentence also ordered his sentence modification, so he was familiar with the record and defendant. Also, the district court stated in its resentencing order that it had considered the § 3553(a) factors. The district court additionally explained two specific considerations for the mid-range sentence: Moreno's "lack of contrition," and his "not insignificant involvement" in the methamphetamine operation. R. at 47. The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant[,] the need for the sentence imposed . . . to reflect the

4

seriousness of the offense . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2)(C). Both considerations fall within these factors, confirming the district court considered the § 3553(a) factors. Though the court could have explained its sentencing determination more fully, its effort suffices under *Chavez-Meza II*. Accordingly, Moreno's abuse-of-discretion argument must fail.

## CONCLUSION

We affirm the district court's order reducing Moreno's sentence to 131 months.

Moreno's motion to proceed on appeal *in forma pauperis* is granted. But 28 U.S.C. § 1915 does not allow litigants to avoid payment of filing and docketing fees—only the *prepayment* of those fees. Moreno is still required to pay the full amount of the filing fee in this matter. *See* § 1915(b).

Entered for the Court

Gregory A. Phillips
Circuit Judge