FILED
United States Court of Appeals
Tenth Circuit

October 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BANI MORENO,

    Defendant - Appellant.

No. 18-6218
(D.C. No. 5:12-CR-00297-R-13)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Proceeding pro se,[1] Bani Moreno appeals the district court's denial of his

motion to compel the production of the court reporter's backup audio tapes from his

criminal trial. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that the

district court had no jurisdiction to consider this case, so we vacate the district

court's order and remand for the district court to dismiss.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Moreno appears pro se, we liberally construe his arguments,
stopping short of serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991).

## BACKGROUND

In 2013, a jury convicted Moreno for one count of conspiracy to possess methamphetamine with intent to distribute, two counts of possession of methamphetamine with intent to distribute, and two counts of unlawful use of a communication facility in connection with a drug transaction. The district court sentenced Moreno to 151-months' imprisonment for the conspiracy and possession-with-intent-to-distribute convictions and 48-months' imprisonment for the unlawful-use-of-a-communication-facility conviction. The court ordered the sentences to run concurrently and imposed five years' supervised release. Moreno then unsuccessfully pursued a direct appeal, *see United States v. Moreno*, 607 F. App'x 775 (10th Cir. 2015) (unpublished), and a petition for post-conviction relief under 28 U.S.C. § 2255, *see United States v. Moreno*, 655 F. App'x 708 (10th Cir. 2016) (unpublished).

This appeal arises from the district court's denial of Moreno's November 16, 2018 "Motion for Leave to Acquire the Court's Reporter Original Notes, and Back Up Audio Recordings of the Trial." Citing the Court Reporters Act, 28 U.S.C. § 753, Moreno asked the district court to compel the court reporter to produce all backup audio recordings and original notes from his trial. Moreno distrusts the trial's stenographic transcript because "to Moreno's recollection, the trial transcripts do not fully reflect what was said or the testimony that was elicited, nor some statements made by the government's counsel, and defense counsel[]." R. at 1464.

Without receiving a government response or addressing jurisdiction, the district court denied the motion on the merits. The court first noted that though

2

Moreno may arrange to view the court reporter's notes, he is "not entitled to a free copy of them." R. at 1467 (citing *Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993)). The court next concluded that Moreno has no right to access the court reporter's backup audio recordings. Observing that such records are deemed the personal property of the court reporter and not part of the public record "unless some reason is shown to distrust the accuracy of the stenographic transcript," the court concluded that Moreno's "recollections, standing alone, are insufficient evidence—if evidence at all—to show distrust in the accuracy of the transcript." R. at 1468 (quoting *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 442 (7th Cir. 2000)). On appeal, Moreno challenges only the district court's ruling regarding the audio tapes. He argues that denying him access to the backup recordings violates his due process right to meaningful appellate review.

## DISCUSSION

On appeal, the government contends the district court lacked jurisdiction to entertain Moreno's motion. Under Federal Rule of Appellate Procedure 28(a)(4)(A), regardless of his pro se status, Moreno must show the factual and legal basis for the district court's jurisdiction. *See United States v. Woods*, No. 15–3304, __ F. App'x __, __, 2016 WL 3457754, at *2 (10th Cir. June 23, 2016) ("Even a pro se appellant has an affirmative obligation to inform us in the opening brief of the basis for the district court's jurisdiction."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (noting that Rule 28 applies to pro se litigants as well as those represented by counsel). Moreno fails to satisfy this burden.

Moreno identifies no basis for the district court's jurisdiction in his opening brief on appeal, but in his reply brief, he cites 28 U.S.C. § 1331 as his jurisdictional basis. But § 1331 did not provide the district court jurisdiction to proceed with this case.[2]

As a panel of this court has observed, when, as here, an indigent defendant seeks "to have the court reporter's backup audiotapes placed in the record pursuant to 28 U.S.C. § 753(b) and the applicable regulations enacted by the Judicial Conference of the United States," the sole means by which the defendant may "obtain that relief, if at all, [is] through a writ of mandamus."[3] *United States v. Mondragon-Avilez*, 263 F. App'x 691, 693 (10th Cir. 2008) (unpublished) (citation omitted). Here, Moreno has not pursued relief under that remedy. Because the district court had no jurisdiction over Moreno's claim, and because Moreno has not sought mandamus, we conclude that the district court lacked jurisdiction to hear Moreno's case.

## CONCLUSION

Because the district court lacked jurisdiction to proceed with this case, we vacate its order and remand for it to dismiss on that basis. Further, because the district court lacked jurisdiction, we deny as moot Moreno's motion to supplement

---

[2] But if the audio recordings Moreno seeks were part of the original record (and not merely backup recordings), jurisdiction would exist under § 1331. *See Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000) ("[T]here is a federal common law right to access to federal judicial records which can be enforced by means of an ordinary suit under 28 U.S.C. § 1331." (citation omitted)).

[3] 28 U.S.C. § 1361 grants a district court "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4

the opening brief and motion to proceed in forma pauperis.

Entered for the Court

Gregory A. Phillips
Circuit Judge