# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00237-COA

**DANIEL PAUL COPPLE A/K/A DANIEL P. COPPLE A/K/A DANIEL COPPLE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI AND GLORIA N. CLARK A/K/A GLORIA NIKKI CLARK IN HER CAPACITY AS COURT REPORTER FOR THE LOWNDES COUNTY CIRCUIT COURT**                    **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/2015 |
| TRIAL JUDGE: | HON. H.J. DAVIDSON JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MATTHEW ALLEN BALDRIDGE |
| | BENJAMIN FREEMAN ROBINSON |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LEE DAVIS THAMES JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | CONSTRUED COMPLAINT FOR DISCOVERY AS A MOTION FOR POST-CONVICTION RELIEF AND DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION |
| DISPOSITION: | AFFIRMED – 06/28/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     After his unsuccessful direct criminal appeal of three convictions, Daniel Paul Copple

filed a complaint for discovery in the Lowndes County Chancery Court. He sought to obtain

a court reporter's backup audio recordings of his criminal trial in the hope that they might

be useful in a collateral attack of his convictions. Construing Copple's complaint as a motion for postconviction relief (PCR), the chancery court dismissed it for lack of subject-matter jurisdiction. We affirm the chancery court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. In December 2011, Copple was convicted of two counts of murder and one count of aggravated assault. The Lowndes County Circuit Court sentenced him to two life sentences and fifteen years, respectively. The circuit court also set Copple's sentences to run consecutively to one another. Copple filed a direct appeal, but this Court affirmed the circuit court's judgment. *Copple v. State,* 117 So. 3d 651, 658 (¶20) (Miss. Ct. App. 2013).

¶3. During August 2014, Copple filed a complaint for discovery in the chancery court.[1] In his complaint, Copple noted that during his direct criminal appeal, the lawyer who represented him withdrew before the court reporter filed the transcript. Copple claimed that his appellate lawyer did not communicate with him during the time contemplated to suggest changes or corrections to the transcript. Copple further claimed that he first reviewed the transcript after this Court found no merit to his direct appeal, and "[u]pon reviewing the transcript, [he] discovered that it did not correspond to his recollection of the proceedings."

¶4. According to Copple, "[t]he inaccuracies concealed or failed to preserve issues that could have been raised on [direct] appeal if the record had been corrected when it was

---

[1] Copple named two defendants in his complaint for discovery: the State of Mississippi and Gloria N. Clark. Clark was the court reporter who prepared the transcript of his criminal trial. For simplicity, we refer to both parties collectively as "the State."

2

prepared." Stating his intent to claim ineffective assistance of counsel, Copple requested the court reporter's tapes of his criminal trial so he could "corroborate his recollection of what happened in court."

¶5. The State moved to dismiss Copple's complaint. According to the State, Copple's claim was actually a PCR motion. The State reasoned that the chancery court lacked subject-matter jurisdiction. The chancery court agreed. Noting that Copple had not obtained the Mississippi Supreme Court's leave to file a PCR motion, the chancery court dismissed Copple's complaint. Copple appeals.

## STANDARD OF REVIEW

¶6. This Court employs a de novo standard of review when reviewing a trial court's decision to grant a motion to dismiss. *Spencer v. State*, 880 So. 2d 1044, 1045 (¶6) (Miss. 2004). Likewise, "[w]hether the chancery court had jurisdiction to hear a particular matter is a question of law" that we review de novo. *In re Adoption of D.N.T.*, 843 So. 2d 690, 697 (¶12) (Miss. 2003).

## DISCUSSION

¶7. According to Copple, the chancery court erred when it construed his complaint for discovery as a PCR matter. Copple reasons that the chancery court should not have dismissed his complaint for lack of subject-matter jurisdiction. "Subject-matter jurisdiction is a threshold inquiry that must be resolved before the court adjudicates the merits of a case." *Knox v. State*, 75 So. 3d 1030, 1034 (¶10) (Miss. 2011). "When, as here, there is a facial

3

attack on subject-matter jurisdiction, the allegations in the plaintiff's complaint are taken as true." *Id*. "However, when a plaintiff's allegations of jurisdiction are questioned, the plaintiff bears the burden to prove jurisdiction by a preponderance of the evidence." *Id*.

¶8. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) is the "exclusive . . . procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2015). The UPCCRA "abolishe[d] the common law writs relating to post-conviction collateral relief . . . ." *Id*. "The relief formerly accorded by such writs may be obtained by an appropriate motion under" the UPCCRA. *Id*. "[A]nd the purpose of th[e UPCCRA] is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3(2) (Rev. 2015). "A pleading cognizable under the UPCCRA will be treated as a [PCR] motion . . . that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Knox*, 75 So. 3d at 1035 (¶12).

¶9. In a sense, Copple's complaint for discovery was not necessarily a collateral attack of his convictions. If he obtained the relief he requested, he would have received a copy of the court reporter's tapes – assuming any exist. But his convictions would have remained unchanged. Still, his ultimate goal was not merely to obtain the court reporter's tapes. His entire claim was premised on the concept that the tapes might reveal some unspecified

discrepancies in the transcript that could possibly entitle him to collateral relief.[2] In other words, Copple hoped to find something he could use in a subsequent PCR motion.

¶10. The D.C. Court of Appeals addressed a somewhat similar set of circumstances in *Robinson v. United States*, 565 A.2d 964 (D.C. 1989). In *Robinson*, a prisoner filed a posttrial "motion for access to a tape of a portion of the trial proceedings." *Id.* at 969. The trial court treated the motion as a collateral attack of the underlying conviction. *Id.* On appeal, the prisoner argued that his motion was not a collateral attack because it "was a mere assertion of his common law right of access to judicial records." *Id.* The *Robinson* court held that the "self-styled motion seeking common law relief was, in reality, brought in preparation for a collateral attack on [the prisoner's] conviction." *Id.* Citing authority for the principle that a partial collateral attack is not an appealable judgment, the court of appeals held that it lacked "jurisdiction to consider this matter on appeal." *Id.* Although *Robinson* is not binding precedent, we find that its reasoning is persuasive.

¶11. Copple unquestionably filed his complaint for discovery because he hoped it would bolster a subsequent PCR motion. His complaint stated that "[d]espite having no personal recollection of the proceedings in the trial court, [his] appellate counsel did not communicate

---

[2] "When a transcript has been made by the official reporter and certified to as being a correct transcript of notes, tapes or audio records of the testimony and other proceedings of the trial, the same shall be prima facie a correct statement thereof . . . ." Miss. Code Ann. § 9-13-43 (Rev. 2014). "Certification imports absolute authority, and the certified record is the sole evidence of the proceedings below." *Rotwein v. Holman*, 529 So. 2d 173, 175 (Miss. 1988).

with [him] during the time allowed for the parties to request corrections to the transcript." He also alleged that "the transcript . . . did not correspond to [his] recollection of the proceedings." And he speculated that a PCR motion based on his "uncorroborated testimony" regarding the alleged unspecified inaccuracies in the transcript would "be dismissed before he has any opportunity to conduct discovery." It is reasonable to conclude that Copple was fully aware that he could raise the same claims in a PCR motion, but he thought that he would have more success if he proceeded before the chancery court.

¶12. If Copple had the same goal in mind – to bolster a subsequent PCR motion – and tried to accomplish it by filing a complaint for discovery to obtain a free copy of the transcript, his complaint would certainly be dismissed. "[N]othing in the [UPCCRA] *or elsewhere* gives a prisoner the right to institute an independent, original action for a free transcript or other documents . . . ." *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989) (emphasis added). We find that this concept applies with equal force to the court reporter's tapes.

¶13. Additionally, the UPCCRA provides that a prisoner must file a PCR motion if he claims "[t]hat the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory, or other writ, motion, petition, proceeding[,] or remedy." Miss. Code Ann. § 99-39-5(1)(j) (Rev. 2015). In *State Oil & Gas Board v. McGowan*, 542 So. 2d 244, 249 (Miss. 1989), the Mississippi Supreme Court explained that a complaint for discovery originated from the common law. Moreover, the UPCCRA provides for the possibility of discovery at the discretion of the

6

circuit court. *See* Miss. Code Ann. § 99-39-15(a) (Rev. 2015). Considering the nature of Copple's claim, the relief he sought, and his stated intent to file a PCR motion, his complaint for discovery was subsumed by the UPCCRA.

¶14. "Claims cognizable under the UPCCRA are outside the equity jurisdiction of the chancery court." *Knox*, 75 So. 3d at 1035 (¶12). In general, when a case is under a circuit court's exclusive jurisdiction, and it has been filed in a chancery court, the chancery court is obligated to transfer the case to circuit court. Miss. Const. art. 6, § 162. But in this case, the chancery court could not transfer Copple's complaint to the circuit court. Since his convictions had been affirmed on direct appeal, Copple was obligated to obtain leave from our supreme court before filing a PCR motion. *See* Miss. Code Ann. § 99-39-7 (Rev. 2015). "This procedure is not merely advisory, but jurisdictional." *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013). The chancery court could not transfer Copple's complaint to the circuit court without circumventing section 99-39-7. Thus, the chancery court did not err when it dismissed Copple's complaint.[3]

¶15. Finally, Copple claims that he is entitled to the court reporter's tapes because they are

---

[3] We note that our supreme court has held that the failure to follow the proper procedure for correcting the record through Rule 10 of the Mississippi Rules of Appellate Procedure operates as a procedural bar in the event that a prisoner subsequently claims the record is deficient. *Hales v. State*, 933 So. 2d 962, 967 (¶18) (Miss. 2006). The supreme court has also warned "all appellate counsel that failure to comply with Rule 10(b)(5) in future cases will be at the attorney's own peril." *Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 131 (¶10) (Miss. 2007). However, this portion of the opinion turns solely on the chancery court's lack of subject-matter jurisdiction over PCR matters.

public records within the meaning of the Mississippi Public Records Act.  *See* Miss. Code Ann. § 25-61-1 (Rev. 2010).  But Copple's complaint for discovery cannot be construed as a pleading described in Mississippi Code Annotated § 25-61-13 (Rev. 2010).  And there is no indication that Copple raised this issue in the chancery court – much less that the chancery court addressed it.  "[I]ssues presented for the first time on appeal are procedurally barred from consideration."  *Lewis v. Forest Family Practice Clinic P.A.*, 124 So. 3d 654, 658 (¶17) (Miss. 2013).

¶16.    Notwithstanding the procedural bar, there is no merit to Copple's claim.  "[P]ublic records shall be available for inspection by any person unless otherwise provided by" the Mississippi Public Records Act.  Miss. Code Ann. § 25-61-2 (Rev. 2010).  "'Public records' shall mean all . . . tapes, recordings[,] or reproductions thereof . . . having been used . . . or prepared, possessed[,] or retained for use in the conduct, transaction[,] or performance of any . . . duty . . . of any public body, or required to be maintained by any public body."  Miss. Code Ann. § 25-61-3(b) (Rev. 2010).  But a "public body" is defined as "any department, bureau, division, council, commission, committee, subcommittee, board, agency[,] and any other entity of the state or a political subdivision thereof, and any municipal corporation and any other entity created by the Constitution or by law, executive order, ordinance[,] or resolution."  Miss. Code Ann. § 25-61-3(a) (Rev. 2010).  "[T]he term 'entity' shall not be construed to include individuals employed by a public body or any appointed or elected public official."  *Id*.  The court reporter does not fall under the definition of a "public body,"

8

and any tapes used to prepare an official transcript are not "public records" within the meaning of the Mississippi Public Records Act. And the common-law right to inspect judicial records does not apply to a court reporter's backup tapes. *See, e.g., In re Pratt*, 511 F.3d 483, 485 (5th Cir. 2007) ("[B]ackup tapes are not an original record of proceedings, nor are they filed with the court."). There is no merit to Copple's claim that he has a statutory or common-law right to the court reporter's tapes.

## CONCLUSION

¶17. The chancery court did not err when it construed Copple's complaint for discovery as a PCR motion. Because it lacked subject-matter jurisdiction, and Copple had not sought the supreme court's leave to file a PCR motion, the chancery court did not err when it dismissed Copple's complaint. And Copple's claim that he has a statutory right to the court reporter's tapes is procedurally barred and meritless. We affirm the chancery court's judgment.

¶18. **THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.**

9