# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01843-COA

**LOUIS J. CLAY, JR. A/K/A LOUIS CLAY A/K/A**                APPELLANT
**SPOOLA BOO A/K/A LOUIS CLAY, JR. A/K/A**
**LEWIS CLAY A/K/A LOUIS JAMES CLAY, JR.**


v.


**STATE OF MISSISSIPPI**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2015 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LOUIS J. CLAY JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION TO EXPUNGE THREE 1979 CONVICTIONS |
| DISPOSITION: | AFFIRMED – 05/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2016-CP-00020-COA

**LOUIS J. CLAY, JR. A/K/A LOUIS CLAY A/K/A**                APPELLANT
**SPOOLA BOO A/K/A LOUIS CLAY, JR. A/K/A**
**LEWIS CLAY A/K/A LOUIS JAMES CLAY, JR.**


v.


**STATE OF MISSISSIPPI**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2016 |
| TRIAL JUDGE: | HON. GEORGE WARD |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LOUIS J. CLAY JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |

NATURE OF THE CASE:             POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED MOTION FOR WRIT OF
                                ERROR CORAM NOBIS
DISPOSITION:                    AFFIRMED – 05/16/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Louis Clay Jr. appeals the Wilkinson County Chancery Court's judgment dismissing his petition for writ of error coram nobis for lack of subject-matter jurisdiction. Clay also appeals the Wilkinson County Circuit Court's judgment denying his motion to expunge three 1979 convictions for selling marijuana. Finding no error, we affirm both judgments.

FACTS

¶2.     In September 1979, Clay pleaded guilty to three separate charges of selling marijuana in cause numbers 3951, 3952, and 3956. For each conviction, the Wilkinson County Circuit Court sentenced him to concurrent terms of three years in the custody of the Mississippi Department of Corrections (MDOC), with six months to serve, followed by five years of post-release supervision. In 1984, MDOC filed a petition to terminate Clay's probation because he had "completed his five[-]year probationary sentence." MDOC requested that the circuit court terminate Clay's probation and discharge him. On the same day that MDOC filed its petition, the circuit court entered a discharge order related to all three of Clay's 1979 convictions. The circuit court also entered an "order to expunge," which stated that it was in response to MDOC's petition. The "order to expunge" further stated that Clay had "satisfactorily completed his five[-]year probationary sentence, and it is ordered that such

2

sentence be . . . expunged from [Clay's] record." Although the "order to expunge" referred to a singular sentence, the style of the document reflects that it pertained to all three of Clay's 1979 cases.

¶3. In November 1996, Clay was indicted for aggravated assault. He was also charged as a nonviolent habitual offender based on his 1979 convictions. Clay was later convicted of aggravated assault and sentenced as a habitual offender. *Clay v. State*, 829 So. 2d 676, 678 (¶1) (Miss. Ct. App. 2002). This Court affirmed the circuit court's judgment. *Id*. at 688 (¶33). In so doing, we held that "Clay's argument that double jeopardy [had] occurred in the [circuit court]'s finding [that he qualified for sentencing as a] habitual offender [failed]." *Id*. at 687 (¶29).

¶4. Since then, Clay has filed numerous unsuccessful applications for leave to file a motion for post-conviction relief (PCR) related to his aggravated-assault conviction.[1] In September 2014, the Mississippi Supreme Court entered an order denying what it described as Clay's seventh application. *Clay v. State*, 2014-M-00016. Citing *Floyd v. State*, 155 So. 3d 883, 890 (¶19) (Miss. Ct. App. 2014), Clay had unsuccessfully requested leave to claim that he was not a habitual offender because his three 1979 convictions should have been considered one conviction. Having previously warned Clay twice about filing frivolous documents, the supreme court found that Clay's seventh application was also frivolous, so

---

[1] *See Clay v. State*, 168 So. 3d 987 (Miss. Ct. App. 2013); *Clay v. State*, 2010-M-01521; *Clay v. State*, 2009-TS-00171; *Clay v. State*, 2007-M-00888; *Clay v. State*, 2006-M-01192; *Clay v. State*, 2005-M-02010; *Clay v. State*, 2003-M-02117.

the supreme court sanctioned Clay $100.

¶5.    On June 29, 2015, Clay filed a "writ of error coram nobis"[2] in the Wilkinson County Chancery Court.  Clay wanted the chancellor to command the circuit court to examine the record regarding a number of PCR claims, or send the record to an appellate court so it could examine the record.  Treating Clay's petition as a PCR motion, the chancery court found that it lacked subject-matter jurisdiction.  Furthermore, because Clay had not obtained the supreme court's leave to file a PCR motion, the chancery court held that it could not transfer Clay's petition to the circuit court.  Consequently, the chancellor dismissed Clay's PCR motion.  Clay's appeal has been docketed as *Clay v. State*, 2016-CP-00020-COA.

¶6.    Approximately one month after he filed the "writ of error coram nobis" in the chancery court, Clay filed a "motion for automatic expunction" in the circuit court.  Clay sought to expunge his three 1979 convictions, and he again argued that they should count as one conviction as set forth in *Floyd*.  Clay then reasoned that those three convictions— treated as one per *Floyd*—were his first conviction, so the circuit court should expunge it.

_____

[2] Clay clearly misunderstood the historical and outdated purpose of a petition for writ of error coram nobis. "Literally, 'coram nobis' means 'our court,' or 'before us.'  Therefore, the writ of error coram nobis was addressed *to the very court [that] had rendered the judgment rather than to an appellate or other reviewing court*." *State v. Mixon*, 983 S.W.2d 661, 667 (Tenn. 1999) (emphasis added) (citing Black's Law Dictionary 304 (5th ed.1979)). "Since neither the right to move for a new trial nor the right to appeal were recognized at common law, the writ of error coram nobis was developed as a procedural mechanism to allow courts to provide relief under limited circumstances." *Id*. at 666-67 (footnote omitted) (citing Morgan Prickett, *Writ of Error Coram Nobis in California*, 30 Santa Clara L. Rev. 1, 3 (1990)).

On November 20, 2015, the circuit court denied Clay's motion. Clay has appealed that decision, as well. It has been docketed as *Clay v. State*, 2015-CP-01843-COA. Based on their shared procedural history and related subject matter, we have consolidated Clay's two appeals.

DISCUSSION

### I.    *Jurisdiction*

¶7.    In his petition for writ of error coram nobis, Clay argued that (1) Judge Forrest Johnson should have recused from his aggravated-assault trial; (2) he is not a habitual offender based on *Floyd*; (3) because Judge Lillie Blackmon Sanders had recused, she lacked authority to appoint Judge Johnson to preside over the aggravated-assault trial; (4) Judge Johnson improperly allowed his trial counsel, Gus Sermos, "to withdraw after filing Clay's notice of appeal, but prior to him filing a direct appeal," and he "was stripped of his appointed counsel" before he filed a direct appeal brief; (5) the habitual-offender portion of the aggravated-assault charge was defective because it did not specify that Clay had sold marijuana; and (6) the aggravated-assault indictment was defective. Clay reiterates those claims on appeal. However, the operative question is whether the chancellor had subject-matter jurisdiction.

¶8.    "[W]hether the chancery court had jurisdiction to hear a particular matter is a question of law that we review de novo." *Copple v. State*, 196 So. 3d 189, 191 (¶6) (Miss. Ct. App. 2016). "Subject-matter jurisdiction is a threshold inquiry that must be resolved before the

5

court adjudicates the merits of a case." *Id*. at (¶7) (quoting *Knox v. State*, 75 So. 3d 1030, 1034 (¶10) (Miss. 2011)). "When, as here, there is a facial attack on subject-matter jurisdiction, the allegations in the [prisoner's petition] are taken as true. However, when a [prisoner]'s allegations of jurisdiction are questioned, the [prisoner] bears the burden to prove jurisdiction by a preponderance of the evidence." *Id*.

¶9. When the Mississippi Legislature enacted the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), it abolished the common-law writ of error coram nobis and made such relief available exclusively through the UPCCRA. Miss. Code Ann. § 99-39-3(1) (Rev. 2015). "[A]nd the purpose of th[e UPCCRA] is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues[,] or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3(2) (Rev. 2015). Moreover, because all of Clay's claims were collateral attacks on his aggravated-assault conviction or sentence, he was obligated to raise them in a PCR motion. *See* Miss. Code Ann. § 99-39-5(1)(j) (Rev. 2015) (A prisoner must file a PCR motion if he claims "[t]hat the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory, or other writ, motion, petition, proceeding[,] or remedy.").

¶10. "Claims cognizable under the UPCCRA are outside the equity jurisdiction of the chancery court." *Copple*, 196 So. 3d at 193 (¶14). Generally, a chancery court is obligated to transfer a case to circuit court if the case is under the circuit court's exclusive jurisdiction.

Miss. Const. art. 6, § 162. But because Clay's aggravated-assault conviction had been affirmed on direct appeal, and he had not fulfilled his obligation to obtain leave from the supreme court to file a PCR motion, the chancery court could not transfer Clay's petition for writ of error coram nobis. *See* Miss. Code Ann. § 99-39-7 (Rev. 2015). "This procedure is not merely advisory, but jurisdictional." *Copple*, 196 So. 3d at 193 (¶14) (quoting *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013)). The chancery court could not have transferred Clay's PCR motion without circumventing section 99-39-7. Thus, the chancery court did not err when it dismissed Clay's PCR motion for lack of subject-matter jurisdiction.

## II. Expungement

¶11. Clay argues that the circuit court erred when it denied his motion to expunge his three 1979 convictions for selling marijuana. Clay's three 1979 convictions were not eligible for expungement. Clay claimed his 1979 convictions should be expunged under three different statutes. One was Mississippi Code Annotated section 41-29-150 (Rev. 2013). But section 41-29-150(d)(1) provides for expungement of certain offenses only if there has not been an "adjudication of guilt." That clearly did not occur regarding Clay's three 1979 convictions. The circuit court accepted his guilty pleas, sentenced him for each of the three charges, and did not withhold adjudicating Clay guilty of each charge.

¶12. Clay's reliance on Mississippi Code Annotated section 99-15-57(1) (Rev. 2015) is also misplaced. Section 99-15-57(1) allows one to apply for expunction of certain offenses following a guilty plea, but only if the guilty plea occurred "within six . . . months prior to

7

March 31, 1983[.]" All three of Clay's guilty pleas occurred on September 19, 1979. It follows that Clay was not eligible for relief under section 99-15-57(1). *See Caldwell v. State*, 564 So. 2d 1371, 1373 (Miss 1990) (holding that a prisoner who had pleaded guilty on October 9, 1979, was ineligible for relief under section 99-15-57(1)).

¶13. Finally, Clay claimed his three 1979 convictions should be expunged under Mississippi Code Annotated section 99-19-71 (Rev. 2015). Section 99-19-71(2)(a) does not contemplate expunction of any offense related to the sale of a controlled substance. Section 99-19-71(2)(b) states that someone who was younger than twenty-one years old when he committed a felony may request expungement of a single conviction after a time. But Clay was twenty-seven when he entered his three 1979 guilty pleas. Thus, none of those convictions were eligible for expungement under section 99-19-71(2)(b). Even if Clay would have been eligible based on his age, section 99-19-71(2)(b) provides a circuit court with the discretion to decline to expunge "any felony that, in the determination of the circuit court, is related to the distribution of a controlled substance . . . ." *Id*. All of Clay's 1979 convictions were related to selling a controlled substance. Consequently, we find no merit to Clay's claim that the circuit court erred when it denied his motion to expunge all three of his 1979 convictions.

### III. Recusal

¶14. Clay argues that the circuit judge should have recused from his aggravated-assault trial. Clay asserted that claim in his November 9, 2015 petition for writ of mandamus

seeking the circuit court's ruling on his "motion for automatic expunction." Clay also asserted that Judge Johnson should have to recuse *from consideration of the expungement motion*. On January 12, 2016, the supreme court entered an order dismissing Clay's mandamus petition because the circuit court had ruled on the expungement motion, and Clay had appealed. The supreme court also stated that Clay "can raise the recusal issue in his appeal."

¶15. It appears that Clay has misinterpreted the supreme court as though it has given him permission to claim that the circuit judge should have recused from the aggravated-assault trial. However, the supreme court only held that Clay could raise his claim that the circuit judge should have recused from hearing the expungement motion. Clay has not raised that issue on appeal. We do not interpret the supreme court's order as giving Clay permission to claim that the circuit judge should have recused from the aggravated-assault trial. That is a collateral attack on his aggravated-assault conviction, which would require a successful application for leave to file a PCR motion. Because Clay never obtained leave to file a PCR motion on that basis, and the issue was never presented to the circuit court, we find that it is procedurally barred.

CONCLUSION

¶16. Because the chancery court lacked subject-matter jurisdiction, the chancery court did not err when it dismissed Clay's petition for writ of error coram nobis. Additionally, the circuit court did not err when it denied Clay's petition to expunge his three 1979 convictions.

9

Finally, the Mississippi Supreme Court did not give Clay leave to claim that Judge Johnson should have recused from Clay's 1996 aggravated-assault trial. Instead, the supreme court gave Clay permission to claim that Judge Johnson should have recused from hearing the motion to expunge his 1979 convictions. Accordingly, we affirm the chancery court's and the circuit court's judgments.

¶17. **THE JUDGMENTS OF THE WILKINSON COUNTY CHANCERY COURT AND THE WILKINSON COUNTY CIRCUIT COURT ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.**

**LEE, C.J., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. GRIFFIS, P.J., AND WILSON, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**