# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00986-COA

**CHARLES NANCE**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:                08/06/2020
TRIAL JUDGE:                     HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:       CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CHARLES NANCE (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 09/28/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND SMITH, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Charles Nance appeals from the order of the Clay County Circuit Court dismissing his petitions for an order to show cause that were filed after he appealed to the supreme court. Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     The facts surrounding Nance's convictions are thoroughly discussed in *Nance v. State*, 309 So. 3d 1097 (Miss. Ct. App. 2020). In 2014, Nance was indicted for four counts of selling methamphetamine. *Id*. at 1100 (¶2). In 2016, he was indicted for four more counts—the sale of methamphetamine, the sale of cocaine, possession of a firearm by a felon, and possession of Adderall. *Id*. at 1101 (¶2). In April 2017, Nance pled guilty to two of the

four counts in the 2014 indictment. *Id*. at 1102, 1104 (¶¶18, 31). For his conviction in Count I, he was sentenced as a habitual offender to serve a term of eight years in the custody of the Mississippi Department of Corrections without eligibility for parole. *Id*. at 1102 (¶18). For his conviction in Count III, he was sentenced to serve a consecutive term of eight years, and he was ordered to pay fines and costs. *Id*. Counts II and IV of the 2014 indictment and the entirety of the 2016 indictment were retired to the file. *Id*.

## I.        Prior Appeal

¶3.     Approximately one year after his guilty plea, Nance filed a motion for post-conviction collateral relief (PCR) claiming his indictment did not properly charge him as a habitual offender, he was subject to double jeopardy, his plea was involuntary, and he received ineffective assistance of counsel. *Id*. at (¶22). The circuit court denied the PCR motion. *Id*. at (¶23). Nance filed a notice of appeal on November 20, 2018, and this Court affirmed the ruling on June 30, 2020. *Id*. at 1109 (¶64). The mandate was issued on February 11, 2021.

## II.        Proceedings while Prior Appeal was Pending

¶4.     After filing his notice of appeal on November 20, 2018, but before the mandate issued on February 11, 2021, Nance filed a number of documents in the circuit court.

¶5.     On March 18, 2019, Nance filed a "Petition for an Order to Show Cause." Nance asserted that he was not attacking the legality of his sentence. However, Nance attacked the validity of his conviction. For example, Nance argued that "on one count the video was destroyed, so it was insufficient evidence," and on the other count, the "video clearly show[ed] a white female . . . making the drug transaction[,]" questioning why she was not

also charged. Additionally, he requested an evidentiary hearing and asked the court to "enter an order directing respondents to expunge and void the proceedings heretofore stated for failure to recognize and comply with procedural due process."

¶6. Then Nance began filing documents requesting that the circuit court supplement the record with a transcript of a hearing on the State's motion to amend the indictment. Among those documents was a motion to supplement the record, which Nance filed on April 29, 2019.[1] On July 25, 2019, the circuit court entered an order dismissing Nance's motion to supplement the record. The court noted that the State's motion to amend the indictment to charge Nance as a subsequent drug offender was never ruled upon, so there was no transcript with which the court could supplement the record. The court further noted that Nance had not been sentenced under the proposed amendment, and the court attached the State's motion to amend the indictment and Nance's sentencing orders to the order.[2]

¶7. On August 12, 2019, Nance filed another "Petition for an Order to Show Cause" in the circuit court. Nance again stated that he was not attacking the legality of his sentence. However, Nance attacked the validity of his conviction based on numerous alleged errors, and he requested an evidentiary hearing.

---

[1] Nance also filed a petition for an order to show cause on May 28, 2019; a motion for an extension of time on May 28, 2019; a petition for writ of mandamus on June 25, 2019; a motion to amend his writ of mandamus on July 29, 2019; a request for a subpoena duces tecum and a motion for an extension of time on August 9, 2019; and a motion for an extension of time on August 26, 2019. It appears that the documents were filed in the circuit court.

[2] Nance subsequently attempted to appeal. However, in an order dated September 11, 2019, this Court noted that "Nance provide[d] no authority for the concept that the circuit court's July 25[, 2019] order [wa]s an appealable judgment . . . ."

¶8.     On October 16, 2019, the circuit court entered an order dismissing Nance's petition without specifying which petition the court was reviewing when it denied relief; however, the court held that the issues raised in the post-conviction matter were without merit. On the same day, the circuit court entered another order stating that it was "without jurisdiction to hear [Nance's] motion in which [he] request[ed] transcripts since [Nance's] last post-conviction ruling [was] currently on appeal." The court further stated that it was "without any authority to hear any post-conviction motions until the appellate court [had] made a ruling." Again, the court's order did not specify which petition it was reviewing when it denied relief.

¶9.     On March 30, 2020, Nance filed a petition for writ of mandamus in the circuit court, asking the court to render a decision on his petition for an order to show cause that he had previously filed on March 18, 2019.

¶10.    On August 6, 2020, the court dismissed Nance's petition. Yet again the court's order did not specify which petition it was reviewing when it denied the relief. The court's order stated that it was "without jurisdiction to hear this motion since [Nance's] last motion for post-conviction relief was affirmed by the Mississippi Court of Appeals" and that it was "without any authority to hear any post-conviction motions until [Nance] . . . obtained permission to file said motions from the [supreme] court." Then Nance appealed.[3]

### III.    Current Appeal

---

[3] Subsequently, Nance filed a petition for writ of mandamus in our supreme court in case number 2020-M-00650. The supreme court ordered a response and later dismissed the petition for a writ of mandamus as moot. Nance also filed a petition for an order to show cause, which the supreme court denied.

¶11. On appeal, Nance claims that his petition was not an attack on his conviction or sentence and suggests that the court erred by classifying his petition as a PCR motion and dismissing it for lack of jurisdiction. Nance also asserts that the judge should have recused himself from ruling on his motions.

## STANDARD OF REVIEW

¶12. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's factual findings if they are clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017).

## DISCUSSION

### I. Whether the circuit court erred by classifying Nance's petition as a PCR motion and dismissing it for lack of jurisdiction.

¶13. Nance seemingly claims that the petition for an order to show cause, which he filed on March 18, 2019, was not a PCR motion and that the court erred by dismissing it for lack of jurisdiction. As noted, the court did not specify which petition it was reviewing when it denied relief in its orders dated October 16, 2019, and August 6, 2020. However, as we discuss below, both of Nance's petitions for an order to show cause were PCR motions, and the court did not have jurisdiction to consider either "petition."

¶14. It is well established that "[a] pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Tanner v. State*, 295 So. 3d 987, 988 (¶5) (Miss. Ct. App. 2020)

5

(quoting *Copple v. State*, 196 So. 3d 189, 191-92 (¶8) (Miss. Ct. App. 2016)).

¶15.    In his "petition" that was filed on March 18, 2019, Nance attacked the validity of his conviction.  For example, Nance argued that "on one count the video was destroyed, so it was insufficient evidence," and on the other count, the "video clearly show[ed] a white female . . . making the drug transaction[,]" questioning why she was not also charged. Additionally, he requested an evidentiary hearing and asked the court to "enter an order directing respondents to expunge and void the proceedings heretofore stated for failure to recognize and comply with procedural due process."  In his "petition" that was filed on August 12, 2019, Nance attacked the validity of his conviction based on numerous alleged errors.  Nance also requested an evidentiary hearing.  Both of Nance's petitions for an order to show cause were PCR motions, and therefore the circuit court properly treated them as such.

¶16.    With respect to jurisdiction, this Court has held that "the filing of the notice of appeal perfects the appeal and divests the circuit court of jurisdiction."  *Creppel v. State*, 305 So. 3d 1245, 1252 (¶27) (Miss. Ct. App. 2020) (quoting *Fox v. State*, 151 So. 3d 226, 232 (¶19) (Miss. Ct. App. 2014)).  Nance's first notice of appeal seeking relief from the denial of his first PCR motion was filed on November 20, 2018.  That first notice of appeal divested the circuit court of jurisdiction to rule on any subsequent motions, including Nance's petitions for orders to show cause that he filed on March 18, 2019, and August 12, 2019.

¶17.    Finally, we note that the circuit court stated in its August 6, 2020 order that it was "without any authority to hear any post-conviction motions until [Nance] . . . obtained

6

permission to file said motions from the [supreme] court." However, the UPCCRA states, in relevant part:

> The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court. . . .

Miss. Code Ann. § 99-39-7 (Rev. 2020). Because Nance pled guilty and could not directly appeal his convictions and sentences, Miss. Code Ann. § 99-35-101 (Rev. 2020), the supreme court would not have jurisdiction to consider any applications for leave to proceed in the trial court. *Jackson v. State*, 67 So. 3d 725, 730-31 (¶¶17-20) (Miss. 2011). The proper procedure would be for Nance to refile his post-conviction filings once jurisdiction has been reinvested in the circuit court, if he so chooses. *See Gardner v. State*, 547 So. 2d 806, 807 (Miss. 1989) ("[U]ntil the mandate is issued by the clerk of the court, no jurisdiction is reinvested in the lower court, and no proceedings may be had in the lower court until it receives and files the mandate."). However, the UPCCRA imposes a bar against successive motions with only a number of exceptions. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2020); *accord Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010) ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.").

## II. Whether the judge should have recused.

¶18. Nance claims that the circuit judge should not have ruled on any of his motions based

7

on Mississippi Rule of Appellate Procedure 48C.

¶19. Rule 48C pertains to the disqualification of justices or judges of the appellate courts. M.R.A.P. 48C(a). Mississippi Rule of Appellate Procedure 48B, which pertains to disqualification of trial judges, states:

> If a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal, or if within 30 days following the filing of the motion for recusal the judge has not ruled, the filing party may within 14 days following the judge's ruling, or 14 days following the expiration of the 30 days allowed for ruling, seek review of the judge's action by the Supreme Court. A true copy of any order entered by the subject judge on the question of recusal and transcript of any hearing thereon shall be submitted with the petition in the Supreme Court. The Supreme Court will not order recusal unless the decision of the trial judge is found to be an abuse of discretion. Otherwise, procedure in the Supreme Court shall be in accordance with M.R.A.P. 21. Appointment of another judge to hear the case shall be made as otherwise provided by law.

M.R.A.P. 48B. This rule requires a defendant to file a motion for recusal; however, Nance failed to do so. Furthermore, this Court has held that "a defendant who fails to raise an issue in his PCR motion before the [circuit] court may not raise that issue for the first time on appeal." *Barker v. State*, 203 So. 3d 653, 655-56 (¶9) (Miss. Ct. App. 2016) (quoting *Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013)).

## CONCLUSION

¶20. After review, we find that Nance's filings that are the subject of this appeal for an order to show cause were successive motions for post-conviction relief, and the court lacked jurisdiction to consider them. Additionally, Nance failed to file a motion for recusal. Accordingly, the order of the circuit court is affirmed.

¶21. **AFFIRMED.**

8

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**