# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00650-COA

**DANA DEWAYNE JOHNSON A/K/A DANA JOHNSON A/K/A DANA D. JOHNSON**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/2024 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANA DEWAYNE JOHNSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/10/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WEDDLE AND LASSITTER ST. PÉ, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     On October 5, 2018, Dana Johnson pled guilty to one count of possession of a weapon as a felon and one count of the sale or transfer of a stolen weapon. Johnson was sentenced to serve five years for the felon-in-possession-of-a-weapon conviction and ten years for the conviction of the sale or transfer of a stolen weapon conviction, with the sentences set to run concurrently.[1]

¶2.     On October 2, 2023, approximately five years after his guilty plea, Johnson filed a motion to dismiss, arguing his conviction of being a felon in possession of a weapon was

---

[1] These sentences were ordered to run consecutively to a separate conviction and sentence.

unconstitutional under the Second Amendment. The circuit court, treating Johnson's motion as a motion for post-conviction collateral relief (PCR), dismissed the motion as untimely and not subject to any exceptions to the statutory time-bar. Instead of appealing the circuit court's order, Johnson filed a motion requesting the court to withdraw its order, and this motion was also dismissed as untimely. Aggrieved, Johnson appeals. Finding no error, we affirm.

**DISCUSSION**

¶3.     "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Gilmore v. State*, 379 So. 3d 945, 946 (¶4) (Miss. Ct. App. 2024). In the case of a guilty plea, PCR claims must be made "within three (3) years after entry of the judgment of conviction." *Id*. (quoting Miss. Code Ann. § 99-39-5(2) (Rev. 2020)). The Mississippi Supreme Court has held that a PCR claim is time-barred if the petition is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions. *Id*.

¶4.     In order to overcome the statutory bar, Johnson must argue that an intervening decision of the Mississippi Supreme Court or United States Supreme Court has issued that would have adversely affected the outcome of this conviction or sentence; he has newly discovered evidence; the sentence expired or his probation, parole, or conditional release was unlawfully revoked; or DNA evidence exists that may have favorably affected his conviction or sentence. *See Haley v. State*, 405 So. 3d 1260, 1262 (¶12) (Miss. Ct. App. 2024). On appeal, Johnson specifically challenges the constitutionality of his conviction of being a felon

in possession of a weapon, arguing that it violated the Second Amendment. In *Howell*, our Supreme Court "made clear that PCR petitions filed outside the three-year window are barred unless one of the express statutory exceptions applies to the claim." *Id*. at 1262-63 (¶14). Here, Johnson has failed to show that any statutory exception applies and failed to overcome the statutory bar.[2]

¶5.     Johnson next claims that the trial court erred when it considered his motion to dismiss as a PCR motion. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) is the "exclusive procedure for the collateral review of convictions and sentences." *Wilson v. State*, 301 So. 3d 727, 729 (¶7) (Miss. Ct. App. 2020) (citing Miss. Code Ann. § 99-39-3(1) (Rev. 2015)). "A pleading cognizable under the UPCCRA will be treated as a PCR motion that is subject to the . . . rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Id*. (quoting *Copple v. State*, 196 So. 3d 189, 191-92 (¶8) (Miss. Ct. App. 2016)). In Johnson's motion to dismiss, he argued that his felon-in-possession conviction was unconstitutional under the Second Amendment. His motion collaterally attacked his conviction and sentence and attempted to re-litigate the charge to which he previously pled guilty. Therefore, we find the circuit court properly treated Johnson's motion to dismiss as a PCR motion.

## CONCLUSION

¶6.     After our review, we find that because Johnson filed his PCR motion approximately

---

[2] Notwithstanding, our Supreme Court has upheld the prohibition of possession of firearms by felons as constitutional. *See James v. State*, 731 So. 2d 1135, 1137 (¶9) (Miss. 1999); *see also Francis v. State*, 377 So. 3d 952, 955 (¶17) (Miss. 2023).

five years after his conviction and failed to demonstrate that any statutory exceptions applies to the time-bar, the circuit court properly dismissed Johnson's motion. Accordingly, we affirm the circuit court's dismissal of Johnson's PCR motion as time-barred and without merit.

¶7. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**